MERRITT, Circuit Judge.
 

 Appellant, the creditor in this case, appeals a decision of the District Court for the Northern District of Ohio, 11 B.R. 716, affirming the Bankruptcy Court’s Order, 5 B.R. 282, avoiding appellant’s lien on the household furnishings of appellees. The facts are undisputed by the parties. In August, 1978, appellant perfected a nonpos-sessory, nonpurchase-money lien on household goods as collateral for a loan to the debtors. On November 6, 1978, Congress enacted the Bankruptcy Reform Act which took effect on October 1, 1979. Appellees filed a petition in bankruptcy on December 17, 1979, at which time they had an outstanding debt of $4,455.93 due to appellant under the security agreement. Appellees sought and received the permission of the Bankruptcy Court to avoid the lien on their household furnishings under 11 U.S.C. § 522(f) of the new Bankruptcy Code.
 
 [1]
 
 The appellant challenges the avoidance of its lien on three grounds.
 

 First, appellant argues that the Ohio statute O.R.C. § 2329.661(C) operates to remove household furnishings encumbered by a lien from the list of exemptions allowed under state law, O.R.C. § 2329.66(A)(4)(b). O.R.C. § 2329.661(C) essentially provides that the state exemption provision does not “affect or invalidate” any pre-existing liens or encumbrances on exempt property. Thus, the creditor maintains that the federal bankruptcy provision § 522(f) — permitting debtors to avoid liens on household furnishings which are subject to an exemption under state law — should not apply.
 

 Second, appellant argues that § 522(f) should not be applied retroactively to invalidate liens perfected prior to the enactment of the new Bankruptcy Code. Appellants suggest that retroactive application of this provision violates the Fifth Amendment to the Constitution and, furthermore, the provision was not intended by Congress to be retroactive.
 

 Finally, appellant asserts that the lower court erred by allowing the debtor to claim those exemptions on the books at the time of bankruptcy rather than the level of exemptions allowed when the liens were perfected. Since August, 1978, when the parties entered into the security agreement, Ohio has increased the amount of property a debtor in bankruptcy may claim as exempt.
 

 We recognize that the first and third issues outlined above present difficult and important questions of law but we decline to consider those two issues because we find that the recent Supreme Court ruling in
 
 United States v. Security Industrial Bank,
 
 51 U.S.L.W. 4007 (November 30, 1982) dictates the reversal of the court below. In
 
 Security,
 
 the Supreme Court addressed the issue of retroactivity and squarely held that 11 U.S.C. § 522(f) should not be applied retroactively to avoid liens obtained prior to
 
 *300
 
 the enactment of the Bankruptcy Code on November 6, 1978.
 
 [2]
 

 For this reason, we reverse the District Court below and vacate the Order of the Bankruptcy Court avoiding appellant’s lien on the household furnishings of the debtors.
 

 [1]
 

 . The relevant part of 11 U.S.C. § 522(f) provides as follows:
 

 (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is — ...
 

 (2) a nonpossessory, nonpurchase-money security interest in any—
 

 (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
 

 [2]
 

 . The Court declined to rule on whether liens perfected after the enactment of the Code but prior to the effective date of the Code could be avoided under § 522(g).
 
 Security, supra,
 
 at 4010. In the case at hand, the liens were perfected in August, 1978 — prior to both the enactment of the new Code and its effective date.