**In the Matter of Larry Lee LEWIS, Evelyn Kathryn Lewis aka Evelyn Kathryn Jarrell, Debtors.**

**Bankruptcy No. 3–83–02635.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 23, 1984.

William L. Bowen, Middletown, Ohio, for Thorp Credit, Inc. of Ohio.

Victor Pontious, Jr., Washington C.H., Ohio, for debtors.

John T. Ducker, Dayton, Ohio, trustee.

CHARLES A. ANDERSON, Bankruptcy Judge.

Debtors filed their voluntary petition for relief in accordance with Chapter 7 of the Bankruptcy Code on 7 November 1983. The matter is now before the court upon Debtors' motion to avoid a nonpossessory, non-purchase money security interest impairing their exemptions in "household and personal goods" to which they would be entitled under 11 U.S.C. 522(b).

The only facts submitted in the case *sub judice* relating to the property claimed as exempt are contained in the debtors' Schedules filed with their petition. Thorp is listed as a secured creditor for a debt in the amount of $4500.00 with a security interest on "household furniture described on Schedule B–2–C" valued at $680.00. The claim arose out of the purchase of "building materials". The list of household goods is, as follows:

| | |
|---|---|
| water bed | 200.00 |
| couch | 100.00 |
| rocker chair | 25.00 |
| love seat | 50.00 |
| regular chair | 25.00 |
| coffee table | 15.00 |
| end tables (2) | 20.00 |
| foot stool | 10.00 |
| lamps (2) | 20.00 |
| freezer | 25.00 |
| dryer | 25.00 |
| stereo console | 50.00 |
| dishes, pots, pans | 50.00 |
| camera | 35.00 |
| TV | 50.00 |
| | $680.00 |

In Schedule B–4, the debtors claimed exemptions under the Ohio statutes. On 2 December 1983 Thorp Credit, Inc. of Ohio (Thorp), the secured creditor, filed a "Mem-

orandum in Opposition" to the lien avoidance citing the decision of the United States Sixth Circuit Court of Appeals, *In re Pine* (1983) 717 F.2d 281, CCH Bkrtcy.L. Rptr. ¶ 69357. Thorp argues, as follows: *"The Giles [Pine]* case ... does not restrict its ruling to only Georgia, Tennessee and Louisiana. The rationale of the Sixth Circuit may be read to apply to any state, such as Ohio, which has 'opted out' of the Federal Exemptions. Section 522(f) of the Code preserves exemptions to the extent to which the debtor would otherwise be entitled under Section 522(b).... In Ohio, under Ohio Revised Code 2329.661(c), the security interest in collateral cannot be effected [sic] or invalidated by the debtors state exemptions."

In behalf of Debtors it is argued as follows: "Ohio's 'opt, out' Provision, Section 2329.662, was repealed on September 28, 1983. The debtors filed their petition on November 7, 1983, and their motion to avoid lien on November 18, 1983. Since Ohio does not specifically provide otherwise, the debtors are entitled under 11 U.S.C. 522(b)(1) to the federal exemptions. The *Pine* case is not applicable to these debtors since Ohio's 'opt out' provision has been repealed. These debtors are entitled to avoid the lien under 11 U.S.C. 522(f)."

Apparently, debtors' attorney has been misled by the efforts of the Ohio Legislature to amend Ohio Revised Code § 2329.-662 as to its original expiration date by House Bill 291, passed on June 30, 1983, which in an obfuscatory manner apparently is directed to changing the expiration date of the opt out provision until January 1, 1985.

He has ample reason to be so misled because only a legal undercover agent can fathom the status of Code § 2329.662. The validity of the expiration date extension is seriously in doubt as not being in conformance with the mandates of The Ohio Constitution.

It is quite doubtful that the amendatory Ohio legislation now *sub judice* can bear constitutional muster conformably to Arti-

cle II, § 15 of the Ohio Constitution, which reads, as follows:

**§ 15 [How bills shall be passed.]**

(A) The general assembly shall enact no law except by bill, and no bill shall be passed without the concurrence of a majority of the members elected to each house. Bills may originate in either house, but may be altered, amended, or rejected in the other.

(B) The style of the laws of this state shall be, "be it enacted by the general assembly of the state of Ohio."

(C) Every bill shall be considered by each house on three different days, unless two-thirds of the members elected to the house in which it is pending suspend this requirement, and every individual consideration of a bill or action suspending the requirement shall be recorded in the journal of the respective house. No bill may be passed until the bill has been reproduced and distributed to members of the house in which it is pending and every amendment been made available upon a member's request.

(D) <u>No bill shall contain more than one subject, which shall be clearly expressed in its title.</u> No law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed.

(E) Every bill which has passed both houses of the general assembly shall be signed by the presiding officer of each house to certify that the procedural requirements for passage have been met and shall be presented forthwith to the governor for his approval.

(F) Every joint resolution which has been adopted in both houses of the general assembly shall be signed by the presiding officer of each house to certify that the procedural requirements for adoption have been met and shall forthwith be filed with the secretary of state. [emphasis added]

The applicable section of the Ohio statutes is Revised Code § 2329.66.2 which

reads from Page's Ohio Revised Code Annotated, as follows: .

[§ 2329.66.2] § 2329.662 Repealed, 138 v H 674, § 3[138 v H 674]. Eff. 9–28–83. For Section 2329.66.2 in effect until 9–28–83, see bound volume:

[§ 2329.66.2] § 2329.662 [Federal exemption not authorized.]

Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C. 522(d).

History: 138 v H 674. Eff. 9–28–79.

The repeal provisions of § 3 of H 674 (138 v–) read as follows:

Section 3. Section 2329.662 of the Revised Code is hereby repealed four years after the effective date of this act unless reenacted by subsequent legislation.

The title (pages 620–671–672) to and pertinent excerpts from Amended Substitute House Bill Number 291 consisting of 416 pages read, as follows:

File 32

# AN ACT

eff. 7-1-83

```
To  amend  sections  101.72  to  101.75,  101.78,  102.06,
    118.33,  119.85,   120.03,   120.04,   120.06,   120.14,
    120.18,  120.24,  120.28,   120.33,   120.34,  121.08,
    122.33,  124.09,  124.11,   124.15,   125.071,  125.22,
    126.04,  126.06,   127.16,   129.55,   129.63,  129.73,
    131.32,  131.33,  131.41,   141.152,   152.01,   152.09,
    152.10,   152.28,   154.08,  154.20,   169.05,  173.021,
    173.07,  175.01,  175.04,   175.05.*  319.301,   321.24,
    340.02,  340.03,  991.02,  1125.28,  1155.131,  1309.26,
    1309.38,  1321.21,  1345.05  to  1345.08,   1501.011,
    1501.031,   1501.05,   1513.01,   1513.13,   1707.37,
    1711.12,  1713.01,  1713.02.*  1733.321,   1739.01,
    2117.06,   2151.38,   2743.70,   2915.08,   2941.51,
    2947.062,  2949.14,  2949.15,   2949.17,   2949.19,
    2949.20,  2949.201,   2951.13,   3301.07,   3301.17,
    3301.41  to  3301.47,   3313.22,   3313.24,   3313.29,
    3313.90,   3313.911,  3313.92,  3317.01,  3317.011,
    3317.02,  3317.022,  3317.023,  3317.024,   3317.06,
    3317.07,   3317.11,   3317.13,   3317.16,   3317.63,
    3319.03,  3323.05,   3323.09,  3332.02.*  3333.12,
    3351.07,   3354.02,   3354.09,   3357.02,   3357.09,
    3358.02,   3713.02,   3713.03,   3717.51,   3732.04,
    3733.07,   3733.25,   3734.01,   3734.04,   3734.07,
    3734.12,  3734.13,   3734.15,   3737.71,   3769.03,
    3769.10,   3773.31,   3773.32,   3773.33,   3773.34,
    3773.36,  3773.47,  3773.51,  3773.53,  3773.54  to
    3773.56,   3791.07,   4101.084,   4101.10,   4104.18,
    4105.17,  4121.02,  4141.042,   4141.11,  4141.01,
    4301.17,   4301.351,   4301.401,  4303.05,  4303.09.*
    4303.12.*  4303.182,  4501.07.*  4701.04,   4703.04,
    4707.05,  4709.02,   4709.08,   4709.10,   4709.11,
    4709.13,  4709.131,   4709.14,   4709.15,   4709.19,
    4709.20,   4715.14,   4717.01,   4717.04,   4717.06,
    4717.08,  4717.10,   4717.99,   4723.31,   4725.04,
    4725.10,   4731.83,   4732.11,   4732.14,   4732.16,
    4734.05,  4734.07,  4735.12,   4735.211,   4739.14,
    4741.16,  4741.17,   4741.19,  4751.05  to  4751.08,
    4753.11,  4906.03,   4906.06,   5101.14,   5101.81,
```

5101.83, 5101.89, 5111.02, 5111.022, 5111.03, 5111.23, 5111.24, 5111.25, 5111.26, 5111.27, 5111.28, 5111.31, 5111.33, 5113.02, 5119.03, 5119.04, 5119.16, 5119.39, 5119.40, 5119.81, 5120.09, 5121.04, 5122.43, 5123.03, 5123.04, 5123.092, 5123.23, 5123.231, 5123.60, 5126.02, 5126.12, 5126.13, 5126.14, 5139.01, 5139.02, 5139.03, 5139.031, 5139.04, 5139.06, 5139.08, 5139.11, 5139.13, 5139.17, 5139.18, 5139.19, 5139.34, 5139.35, 5143.07, 5149.02, 5149.07, 5505.171, 5528.30, 5528.36, 5701.08, 5703.052, 5703.30, 5703.35, 5707.03, 5707.04, 5709.01, 5709.44, 5711.01, 5711.04, 5711.11, 5711.22, 5715.36, 5725.10, 5725.25, 5727.12, 5727.24, 5727.27, 5727.28, 5727.31, 5727.33, 5727.34, 5727.37, 5727.38, 5727.40, 5727.45, 5728.11, 5731.01, 5731.011, 5731.02, 5731.05, 5731.09, 5731.14, 5731.15, 5731.16, 5731.18, 5731.21, 5731.22, 5731.26, 5731.42, 5731.48, 5733.01, 5733.04, 5733.041, 5733.05, 5733.051, 5733.06, 5733.061, 5733.12, 5733.16, 5733.28, 5739.01, 5739.11, 5739.13, 5739.17, 5741.13, 5747.01, 5747.02, 5747.03, 5747.05, 5747.051, 5747.09, 5747.13, 5747.50, 5747.54, 5748.01, 5748.04. 5749.02, 5907.04, and 5910.07; to amend, for the purpose of adopting new section numbers as indicated in parentheses, sections 175.10 (175.14), 175.11 (175.15), 3301.41 (125.84), 3301.42 (125.85), 3301.43 (125.86), 3301.44 (125.87), 3301.45 (125.88), 3301.46 (125.89), 3301.47 (125.90), 4709.13 (4709.12), 4709.131 (4709.13), and 5910.07 (5919.34); to enact new sections 175.10, 175.11, and 4709.18; to enact sections 103.01, 109.081, 115.56, 120.35, 121.30 to 121.34, 124.132, 125.23, 133.302, 175.12, 175.13, 319.311, 1501.191, 1541.221, 2913.46, 2949.091, 3301.074, 3301.075, 3304.35, 3313.222, 3323.051, 3332.071, 3333.27, 3345.15, 3701.611, 4141.045, 4717.17, 4717.18, 4717.19, 4734.21, 4743.04, 5111.04, 5111.222, 5119.161, 5123.171, 5126.11, 5139.20, 5707.051, x 5709.122,* 5731.131, 5731.181, 5731.231, 5731.99, 5733.063, 5741.101, 5747.022, 5747.055, 5747.49, and 5909.17;* and to repeal sections 128.01, 128.02, 128.03, 128.04, 128.05, 128.06, 128.07, 128.08, 128.09, 128.10, 128.11, 128.12, 128.13, 128.14, 128.15, 128.22, 2949.16, 2949.18, 3313.221, 3773.58, 4709.12, 4709.18, 5119.41, 5139.12, 5719.12, 5727.25, 5727.35, 5727.36, 5727.39, 5727.41, 5727.81, 5727.82, 5731.20, 5748.03, and 5748.05 of the Revised Code; to amend sections 3354.09 and 3357.09 of the Revised Code as enacted by Am. Sub. S. B. 76 of the 113th General Assembly, effective December 31, 1985; to amend Section 3 of Am. Sub. H. B. 209 of the 112th General Assembly; to amend Section 3 of Am. Sub. H. B. 440 of the 113th General Assembly; to amend Section 3 of Am. Sub. H. B. 674 of the 113th General Assembly; to amend Section 6 of Am. Sub. S. B. 530 of the 114th General Assembly; to amend Section 5 of Am. Sub. H. B. 530 of the 114th General Assembly as amended by Am. Sub. S. B. 550 of the 114th General Assembly and Am. Sub. H. B. 269 of the 114th General Assembly; to amend Section 6 of Am. Sub. H.B. 530 of the 114th General Assembly as amended by Am. Sub. S. B. 199 of the 114th General Assembly; to amend Section 19 of Am. Sub. H. B. 530 of the 114th General Assembly; to amend Section 26 of Am. Sub. H. B. 100 of the 115th General Assembly; to amend Section 55

of Am. Sub. S. B. 550 of the 114th General Assembly as amended by Am. Sub. H. B. 100 of the 115th General Assembly; to amend Section 66 of Am. Sub. S. B. 530 of the 114th General Assembly as amended by Am. Sub. S. B. 550 of the 114th General Assembly and Am. Sub. H. B. 100 of the 115th General Assembly; to amend a portion of Section 65 of Am. Sub. H. B. 694 of the 114th General Assembly as amended by Am. Sub. S. B. 550 of the 114th General Assembly; to repeal Section 4 of Sub. H. B. 469 of the 114th General Assembly, Sections 3 and 4 of Am. H. B. 490 of the 114th General Assembly, Section 118 of Am. Sub. H. B. 694 of the 114th General Assembly, and Section 3 of Am. Sub. H. B. 449 of the 113th General Assembly; to repeal Section 188 of Am. Sub. H. B. 694 of the 114th General Assembly as amended by Am. Sub. S. B. 530 of the 114th General Assembly and Am. Sub. H. B. 100 of the 115th General Assembly; to repeal Section 5 of Am. Sub. H.B. 770 of the 114th General Assembly; to repeal Section 9 of Am. Sub. S. B. 530 of the 114th General Assembly as amended by Am. Sub. H. B. 100 of the 115th General Assembly, effective August 1, 1983; to repeal Sections 4 and 5 of Am. H. B. 1277 of the 112th General Assembly; and to repeal Section 9 of Am. Sub. H. B. 440 of the 114th General Assembly; to make appropriations for the biennium beginning July 1, 1983, and ending June 30, 1985, and to provide authorization and conditions for the administration of state programs.

Be it enacted by the General Assembly of the State of Ohio:
Section 1. That sections 101.72, 101.73, 101.74, 101.75, 101.78, 102.06, 118.09, 119.03, 120.03, 120.04, 120.06, 120.14, 120.18, 120.24, 120.28, 120.33, 120.34, 121.08, 122.33, 124.09, 124.11, 124.15, 125.071, 125.22, 126.04, 126.06, 127.16, 129.55, 129.63, 129.73, 131.32, 131.33, 131.41, 141.152, 152.01, 152.09, 152.10, 152.28, 154.08, 154.20, 169.05, 173.021, 173.07, 175.01, 175.04, 175.05,* 319.301, 321.24, 340.02, 340.03, 991.02, 1125.28, 1155.131, 1309.26, 1309.38, 1321.21, 1345.05, 1345.06, 1345.07, 1345.08, 1501.011, 1501.031, 1501.05, 1513.01, 1513.13, 1707.37, 1711.12, 1713.01, 1713.02,*1733.321, 1739.01, 2117.06, 2151.38, 2743.70, 2915.08, 2941.51, 2947.062, 2949.14, 2949.15, 2949.17, 2949.19, 2949.20, 2949.201, 2951.13, 3301.07, 3301.17, 3301.41, 3301.42, 3301.43, 3301.44, 3301.45, 3301.46, 3301.47, 3313.22, 3313.24, 3313.29, 3313.90, 3313.911, 3313.92, 3317.01, 3317.011, 3317.02, 3317.022, 3317.023, 3317.024, 3317.06, 3317.07, 3317.11, 3317.13, 3317.16, 3317.63, 3319.03, 3323.05, 3323.09, 3332.02,* 3333.12, 3351.07, 3354.02, 3354.09, 3357.02, 3357.09, 3358.02, 3713.02, 3713.03, 3717.51, 3732.04, 3733.07, 3733.25, 3734.01, 3734.04, 3734.07, 3734.12, 3734.13, 3734.15, 3737.71, 3769.03, 3769.10, 3773.31, 3773.32, 3773.33, 3773.34, 3773.36, 3773.47, 3773.51, 3773.53, 3773.54, 3773.55, 3773.56, 3791.07, 4101.084, 4101.10, 4104.18, 4105.17, 4121.02, 4141.042, 4141.11, 4301.01,* 4301.17, 4301.351, 4301.401, 4303.05, 4303.09, 4303.12,*4303.182, 4501.07,*4701.04, 4703.04, 4707.05, 4709.02, 4709.08, 4709.10, 4709.11, 4709.13, 4709.131, 4709.14, 4709.15, 4709.19, 4709.20, 4715.14, 4717.01, 4717.04, 4717.06, 4717.08, 4717.10, 4717.99, 4723.31, 4725.04, 4725.10, 4731.83, 4732.11, 4732.14, 4732.16, 4734.05, 4734.07, 4735.12, 4735.211, 4739.14, 4741.16, 4741.17, 4741.19, 4751.05, 4751.06, 4751.07, 4751.08, 4753.11, 4906.03, 4906.06, 5101.14, 5101.81, 5101.83, 5101.89, 5111.02, 5111.022,

\* Disapproved by Governor Richard F. Celeste July 1, 1983.

Section 168 of Amended H.B. 291, buried deep in the Bill on its 413th page, reads, as follows:

pursuant to sections 3301.41 to 3301.47 of the Revised Code shall be transferred to the Department of Administrative Services. On the effective date of this section, all employees of the Department of Education employed in the State Agency for Property Utilization, shall become employees of the Department of Administrative Services, and all such employees shall retain their respective civil service classifications and other employee benefits. Any business or other matters undertaken or commenced by the State Agency for Property Utilization, Department of Education that are pending on the effective date of this section shall be conducted and completed by the Department of Administrative Services in the same manner, under the same terms and conditions, with the same effect as though the transfer had not been made. All rules, acts, determinations, and decisions of the State Agency for Property Utilization, Department of Education, or of the State Board of Education on behalf of the State Agency for Property Utilization, Department of Education in force at the time of transfer shall continue in force as rules, acts, determinations, and decisions of the Department of Administrative Services.

Section 165. In making the first reduction under division (C)(1) of section 5711.22 of the Revised Code, the subtraction shall be made from an assessment rate of 35 per cent, regardless of the rate at which property was required to be listed and assessed in the preceding tax year.

Section 166. Within thirty days after the effective date of the amendment of section 4141.042 of the Revised Code by this act, the Administrator of the Bureau of Employment Services shall appoint the members of the Commission on Women as required by section 4141.042 of the Revised Code.

Section 167. (A) For tax years 1984 and 1985, in addition to the tax charged in division (D) of section 5733.06 of the Revised Code, each financial institution subject to Chapter 5733. of the Revised Code shall be charged a tax equal to that portion of the value of issued and outstanding shares of stock as determined under division (A) of section 5733.05 of the Revised Code times:

(1) In the case of a savings and loan association as defined in section 1151.01 of the Revised Code, six and forty-seven hundredths mills;

(2) In the case of each financial institution that is not a savings and loan association, one and fifty-four hundredths mills.

(B) The Department of Taxation shall contract for a study of the taxation of financial institutions for the purpose of determining an appropriate measure of the tax base of financial institutions, evaluating the appropriate tax burden to be imposed on that base, and presenting specific policy alternatives to the General Assembly. The Department shall consider the historical role of financial institutions in the State's tax structure, the relative burden of taxes on different types of financial institutions and on financial institutions compared to other business enterprises, the relative burden of taxes on Ohio financial institutions compared to such institutions in other states, the relationship between taxes on financial institutions and federal law, and such other information as the Department considers relevant. The Department shall complete its study and make recommendations to the General Assembly on or before January 1, 1985. Appropriation item 110-401 Taxation of Financial Institutions Study shall be used for all expenditures made in connection with this study.

Section 168. That Section 3 of Am. Sub. H.B. 674 of the 113th General Assembly be amended to read as follows:

"Sec. 3. Section 2329.662 of the Revised Code is hereby repealed ~~four years after the effective date of this act unless reenacted by subsequent legislation,~~ EFFECTIVE JANUARY 1, 1985."

Section 169. That existing Section 3 of Am. Sub. H. B. 674 of the 113th General Assembly is hereby repealed.

Section 170. Sections 319.301 and 5747.50 of the Revised Code are amended by this act and also by Am. Sub. H. B. 260 of the 115th General Assembly (effective September 27, 1983). The amendments of H. B. 260 are included in this act in lower case to confirm the intention to retain them, but are not intended to be effective until September 27, 1983.

Agency Rule Review
Section 171. Appropriation items 020-401 Agency Rule Review

The seriousness of the failure of the Ohio legislative process is more than pedantical musing. It is nearly a foregone conclusion that the majority of the members of the Ohio House of Representatives and Senate (just as the attorney for debtors) could not and did not have the slightest knowledge of the attempted extension of the opt out provisions of R.C. 2329.66.2 and this is precisely what the provisions of the Ohio Constitution are designed to avoid. The caption of the Bill should have expressed this specific intention. See *Pim v. Nicholson* 16 Ohio St. 176.

We note that the Bill Drafting Manual (prepared by the Ohio Legislative Service Commission, 4th ed., 1977) documents the mandate of the Ohio Constitution that the subject of a bill must be clearly expressed in its title, as per the following specimen model:

### A BILL

"To enact section 4561.25 of the Revised Code, to provide for the disclosure of insurance coverage in rental agreements involving aircraft."

Nevertheless, the Ohio statutes and the Tennessee statutes are not analogous, and because of the seriousness of judicially delving further into the constitutionality of the Ohio statutes, it becomes unnecessary to make a determination on the constitutional validity of Ohio Revised Code § 2329.66.2, because this court concludes that the *rationale* of the *Pine* case does not apply to the Ohio exemption statutes, which meticulously track the exact language of the federal exemption statute. There can be no doubt that § 522(f) applies in bankruptcy to the list of exemptions adopted by the United States Congress in 11 U.S.C. § 522, the language of which has been adopted by the Ohio statutes. The Tennessee statute is a blanket monetary amount (as shown *infra*) and does not use the language of the federal exemptions.

### DECISION

Thorp objects to the lien avoidance on the strength of the decision of the United States Sixth Circuit Court of Appeals *In re Pine* (1983, 6th Cir.Tenn.) 717 F.2d 281, CCH Bkrtcy.L.Rptr. ¶ 69357.

Assuming, *arguendo*, that Ohio has validly opted out of the federal exemptions and that the extension until January 1, 1985, can bear constitutional muster and that the debtors cannot claim exemptions in minimal household goods and furniture pursuant to 11 U.S.C. § 522(d), brings into focus the *ratio decidendi* in the *Pine* case. The question presented is whether the principles therein enunciated should be applied under the Ohio statutes. The court there held that Tennessee could restrict a debtor's statutory exemption for household goods to the debtor's "equity interest" in the personalty, thereby allowing creditors to enforce nonpossessory, non-purchase money security interests irregardless of the value of the property or the effect on the family unit. The court specifically agreed with the decision of the Fifth Circuit Court of Appeals in *Matter of McManus*, 681 F.2d 353 (5th Cir.1982), "that Section 522(f) cannot be utilized independently of § 522(b); the debtors may avoid liens only on that property which the states have declared to be exempt", and "that the Louisiana statute contains a provision which specifically states that household goods and furnishings which are subject to a chattel mortgage are not exempt."

Hence, in this circuit the exact wording of the particular state exemption statute is determinative of whether a debtor may avoid a lien on such family necessities. A state may exempt only the equity interest of a debtor. Presumably, a state may, if not politically inexpedient, decline to exempt any family necessities, whether encumbered with a lien or not.

The issue, therefore, is quite narrow; that is, whether the Ohio exemption statutes by their specific terminology preclude lien avoidance under § 522(f). Obviously, if there is no lien the application of the federal statute avoidance section is moot in any state that has "opted out." (There is nothing to avoid.)

Even though on first blush the question has been resolved in this circuit, a meticulous examination of the precise semantical terms being employed raises considerable doubt.

It must be noted that the wording of the Tennessee statute involved in the *Pine* case and the Ohio statute here involved are not identical or comparable. In fact, the difference in the specific language in each statute is quite eluciding and determinative.

We find no case precedents or intention expressed in the legislative history of § 522(f) or in the *Pine* case which casts any doubt whatever that the list of federal exemptions enacted by § 522(b)(1) and (d) is not subject to avoidance to protect the necessities of family life. Looking to § 522(d)(3) the exact wording is, as follows:

"(d) The following property may be exempted under subsection (b)(1) of this section:

(3) The *debtor's interest*, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." [emphasis added]

Thus, a *"debtors interest"* is the basis for avoidance of a non-possessory, non-purchase money security interest in such family necessities, if not applied retrospectively to avoid lien rights perfected prior to the enactment date of the Bankruptcy Reform Act of 1978. See *United States v. Security Industrial Bank, et al.*, (1982) 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235, 9 B.C.D. 1071, 7 C.B.C.2d 629, CCH Bkrtcy.L. Rptr. ¶ 68875, 35 U.C.C.R.S. 1.

Bankruptcy Code § 541(a) provides that the commencement of a case creates "the bankruptcy estate." The estate "includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it." HR Rep. No. 95–595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The "debtor's interest" in the estate is his legal title (interest) and not merely his "equity" interest under both the federal and Ohio exemption provisions. As soon as the "debtor's interest" becomes a part of the bankruptcy estate, it is in *custodia legis*, subject to administration under the Bankruptcy Code. Ohio Revised Code § 2329.66(C)(1) is consistent with the "debtor's interest" under 11 U.S.C. § 522(d). It also provides that the "interest" shall be determined, "[i]n bankruptcy proceedings, as of the date a petition is filed with the bankruptcy court commencing a case under Title 11 of the United States Code." Thus, Revised Code §§ 2329.661 and 2329.66(C) would, in effect, perpetuate valid liens to the extent the "debtor's interest" ($200.00 per each item) is exceeded by the actual value of any item. Hence, assuming a debtor had an "interest" in a $500.00 appliance, for example, the lien would remain enforceable to the extent of $300.00.

Looking to the specific Ohio statute pertaining to the same exemptions as defined by § 522(d)(3), we note that the wording is *exactly the same* as in the federal statute. Ohio Revised Code § 2329.66(A)(4)(b) reads, as follows:

§ 2329.66 [Exempted interests and rights.]

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(b) Subject to division (A)(4)(d) of this section, the *person's interest*, not to exceed two hundred dollars in any particular item, in household *furnishings*, household *goods, appliances*, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held primarily for the personal, family, or household use of the person. [emphasis added]

We have in numerous former decisions held that the federal lien avoidance statute does not invalidate nonpossessory, non-purchase money security interests but only render such liens as unenforceable as to a

bankruptcy debtor. Thus, such liens are perfectly valid and enforceable in all state court or other non-bankruptcy court contexts. See *Matter of Cox,* 4 B.R. 240 (Bkrtcy.1980); *Matter of Lantz,* 7 B.R. 77 (Bkrtcy.1980), a Chapter 13 case; and *Matter of Brahm,* 7 B.R. 253 (Bkrtcy.1980), a co-debtor Chapter 13 case. Such is the thrust of Ohio Revised Code §§ 2329.66(C) and 2329.66.1(C).

Hence, in looking to the Tennessee statute interpreted in *Pine* this very important, critical semantical distinction is apparent. The Tennessee statute is not the same as the federal statute and the Ohio statute. The Tennessee statute very clearly and specifically limits that state's exemption to the "debtor's equity interest".* The *Pine Case* opinion, therefore, logically interprets "equity interest" to be the debtor's *interest if unencumbered.* The Ohio statute, therefore, is markedly not comparable; but, rather, it tracks the federal statute literally.

This very important distinction becomes more obvious upon examination of *Matter of McManus,* 681 F.2d 353 (5th Cir.1982) cited in the *Pine Case.* The Fifth Circuit held by a sharply divided court that § 522(f) did not permit lien avoidance under the *Louisiana* statute. The Louisiana law, however, expressly states that household goods and furnishings subject to a chattel mortgage are not exempt. The Court thus merely extends this application to the bankruptcy context (in the opinion of two judges over a vigorous dissent that a state could not opt out of the § 522(f) lien avoidance under any interpretation). Also *See Cox v. Blazer Financial Services, Inc. (In re Cox),* 4 B.R. 240 (Bkrtcy.1980) at p. 243.

Based upon this very critical distinction between the federal/Ohio statutes and the Tennessee statute, it is concluded that the

dicta concerning the Georgia statute in the decision of *In re Pine* is not necessarily inconsistent with the decision of the United States Court of Appeals for the 11th Circuit *In re Maddox* (1983, CA 11 Ga.) 713 F.2d 1526. The decision in the *Pine* Case was filed on September 7, 1983, (two days before the Eleventh Circuit in *Maddox* ); therefore, there was no opportunity for the Sixth Circuit Panel to know that the Georgia statute for a "debtor's interest" (worded as in the federal and Ohio statutes) in household goods *does not enable* a secured creditor to defeat lien avoidance. Ga.Code § 51–1301.1(a)(4) (Harrison Supp.1981). In *Maddox,* the court reasoned that if the phrase "debtor's interest" meant only the debtor's equity, such an interpretation would mean that a debtor could avoid liens on property to the extent that the property is free of liens. In adopting the opinion of the district court, on page 1529, the Eleventh Circuit Court of Appeals emphasized, as follows:

■ If the court were to adopt the interpretation urged by the appellant, 11 U.S.C. § 522(f)(2)(A) would be a meaningless provision. The Georgia provision upon which the appellee bases his argument is identical in relevant part to the corresponding federal provision in 11 U.S.C. § 522(d)(3). If the phrase "debtor's interest" in 11 U.S.C. means only the debtor's equity, then a debtor could, under the federal scheme, avoid liens on property to the extent the property was free of liens. The result would be equally absurd if the court were to hold that a lien might be avoided unless the lien were greater than the value of the property. In that case the phrase "debtor's interest" would mean the "debtor's equity" if the debtor had no equity but would mean the "debtor's legal interest" if the

---

* *26–2–102. Personal property selectively exempt from seizure.—*

Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be

entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

debtor had an equity interest in the property.

Congress evidenced its intent to make subdivision (d)(3) serve as the basis of the lien avoidance provision of 11 U.S.C. § 522(f)(2)(A) by making the two provisions applicable to identical property interests of debtors. The appellee [sic] cannot reasonably argue that, by adopting the language of subdivision (d)(3) in Ga.Code Ann. § 51–1301.1(a)(4), the Georgia legislature evidenced its intent to "opt Out' of the lien avoidance provisions of subsection (f).

If Ohio had intended to provide that only a debtor's "equity interest" is exempt, such an intention could have easily been expressed as was done by the Tennessee legislature. Conversely, by employing the exact same terms of the federal statute in the Ohio statute § 2329.66(A)(4)(b), it must be concluded that the Ohio legislature intended to enact the exact same exemption in the particular items listed as in § 522(d)(3) of the federal statute which was copied in Ohio.

This court, based upon the above analysis of the pertinent statutory provisions and the proposed application of the decision of the Court of Appeals of this Circuit *In Re Pine* to the Ohio exemption statutes, concludes that the Ohio statutes are an adoption of the exact wording of § 522(d) of the Bankruptcy Code and not comparable to the statutes of Tennessee, which exempt only "equity interests."

It should be emphasized that this conclusion is confined only to the procedural effects of § 522(f) lien avoidance in the context of a bankruptcy case and should not be construed to invalidate nonpossessory, non-purchase money security interests in the state courts or in any nonbankruptcy context, conformably to the intention of the Ohio legislature expressed in Ohio Revised Code § 2329.66.1. This provision was not a new provision responsive to the Bankruptcy Reform Act of 1978. The wording of this section of the Ohio statutes was originally enacted as Ohio General Code § 11729 (dating from June 30, 1933), even-

tually becoming RC § 2328.72 (Eff. 10–1–53), and then RC § 2329.66.1 (138 v H 674, Eff. 9–28–79). Hence, upon opting out of the federal exemptions, this provision was merely carried forward, with no reflection upon the lien avoidance provisions of 11 U.S.C. § 522(f) because the right to such avoidance of liens was not in existence until enactment of the Bankruptcy Reform Act of 1978, effective on October 1, 1979.

The progenitor statutory enactments in Ohio for such provisions applicable only in state courts began in 1831 and were carried through the enactments in 1850 (Chap. 972, 48 Laws 32 Effective July 4, 1850) as modified in 1870 (RS § 5430) and 1933 (GC § 11725, 11729 effective June 30, 1933) and never did refer to the wording "debtor's interest," which would have been redundant before 1978. Since property was only "exempt" from sale on levy of execution and attachment, obviously pre-existing liens such as real estate mortgages and chattel mortgages were not affected by any subsequent action in a state court to enforce a later judgment in the state courts. This court cannot rationalize a serendipitous effect from the statutory encrustations carried over into Revised Code §§ 2329.66(C) and 2329.66.1.

Having concluded that debtors may avoid the nonpossessory, non-purchase money security interest in the household goods to the extent of the statutory limitation of $200.00 per item, decision is reserved as to the validity under the Constitution of Ohio as to the extension of the "opt out" provision which expired on September 28, 1983, and whether the debtors can amend their schedules to claim exemptions under either the federal or the Ohio statutes.

IT IS SO ORDERED.