In re Shannon LUNSFORD, Patricia Lunsford, Debtors.

Shannon LUNSFORD, Patricia Lunsford, Plaintiffs,

v.

AVCO FINANCIAL SERVICES, Defendant.

Bankruptcy No. 81–00737.
Adv. No. 81–0400.

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 30, 1984.

Al Albright, Fremont, Ohio, for plaintiffs.

Steven S. Davis, Cleveland, Ohio, for defendant.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the debtors'/plaintiffs' complaint to avoid the defendant's nonpossessory nonpurchase-money lien under § 522(f)(2) of the Bankruptcy Code. In light of the construction and effect given to the relevant statutory provisions in this case, the Court holds that defendant's lien should be avoided.

11 U.S.C. § 522(f) provides, in relevant part, that:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

. . . .

Thus, under § 522(f)(2), the debtor may avoid a nonpossessory, nonpurchase-money security interest in certain personal and household goods to the extent the lien impairs an exemption to which the debtor would have been entitled under § 522(b).

Pursuant to § 522(b) Ohio has chosen to "opt out" of the federal "laundry list" of exemptions provided in § 522(d) of the Bankruptcy Code. § 2329.662 R.C. Accordingly, the exemptions of Ohio debtors are governed by § 2329.66 R.C.

R.C. § 2329.66(A) provides in relevant part that

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

. . . .

(4)(b) Subject to division (A)(4)(d) of this section, the person's interest, not to exceed two hundred dollars in any

particular item, in household furnishings, household goods, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held primarily for the personal, family, or household use of the person.

The parties have stipulated that defendant's lien is a nonpossessory, nonpurchase-money security interest in personal and household goods of the debtors within § 522(f)(2). Also, there is no question in the present case that the debtor has claimed a valid exemption, in the first instance, under § 2329.66(A)(4)(b). Defendant, however, claims that by virtue of Ohio's lien conservation statute, § 2329.-661(C) R.C., debtors are precluded from exempting the property to which its lien attaches except to the extent the property has value over and above its lien. Section 2329.661(C) provides that:

Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby.

A similar argument arose in *Giles v. Credithrift of America, Inc. (In re Pine)*, 717 F.2d 281 (6th Cir.1983), *cert. denied*, — U.S. ——, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), in which the United States Court of Appeals for the Sixth Circuit held that under the Georgia and Tennessee "opt out" exemption statutes only the debtor's "legal interest", "that interest in property which is owned by him and unencumbered by third party liens", 717 F.2d at 283, could be validly exempted under § 522(b) and, therefore, since § 522(f) permits the debtor to avoid a lien to the extent it impairs an exemption to which the debtor would have been entitled under § 522(b), use of § 522(f)(2)'s avoidance provision was prohibited in those states. The question thus becomes whether, in light of *Pine/Giles*, the Ohio statutory provisions relating to exemptions can be similarly construed so as to preclude lien avoidance actions under § 522(f)(2) in Ohio. *Cf. Morelock v. All-Phase Electric Supply Co. (In re More-lock)*, 35 B.R. 518 (Bankr.N.D.Ohio 1983) (Ohio's lien conservation statute does not preclude the avoidance of judicial liens).

Two recent bankruptcy court decisions which have considered the construction to be given to the relevant Ohio statutory provisions have reached opposite conclusions. In *In re Law*, 37 B.R. 501 (Bankr.S.D.Ohio 1984) Judge Grady L. Pettigrew, while expressing serious reservations about the soundness of the *Pine/Giles* case in the light of the Congressional intent in enacting § 522(f) and established rules of statutory construction, held that *Pine/Giles* established binding precedent for interpretation of § 2329.661 and that, as a result, Ohio debtors are denied exemptions in property that would otherwise be exempt if they had allowed a properly perfected security interest to attach to the property before filing their bankruptcy petition. In contrast, Judge Charles A. Anderson, in *In re Lewis*, 38 B.R. 113 (Bankr.S.D.Ohio 1984) found that the Ohio exemption statute § 2329.66(A)(4)(b), by virtue of its similarity to the virtually identical provision in § 522(d)(3) of the Bankruptcy Code, should not be interpreted to exempt only an "equity interest" and therefore it does not preclude application of the federal lien avoidance statute. *See also, Maddox v. Southern Discount Co. (In re Maddox)*, 713 F.2d 1526 (11th Cir.1983) (The term debtor's interest" in the Georgia exemption statute similar to § 522(d)(3) should not mean only the debtor's equity). Also, the court in *Lewis* held that Ohio's lien conservation statute, 2329.661(C), was not meant by the Ohio legislature to apply in a bankruptcy case to preclude lien avoidance but should be applied only in state courts or in any nonbankruptcy context.· *Id.*

This Court agrees with the analysis applied by the court in *In re Lewis, supra*, and therefore holds that § 2329.66(A)(4)(b) does not limit a debtor to exempting only his equity interest in property. In addition, Ohio's lien conservation statute, § 2329.-661(C), should not apply in the bankruptcy context to preclude lien avoidance under § 522(f)(2) but only applies in state courts

or in other nonbankruptcy contexts. *Pine/Giles*, being an interpretation of only the Tennessee and Georgia exemption statutes, does not bind this Court in interpreting the provisions of the Ohio Revised Code. Finally, even if the lien conservation statute is interpreted as applying in the bankruptcy context, such application would emasculate the federal lien avoidance provision, thereby violating the supremacy clause of The United States Constitution, Art. VI, cl. 2. *Curry v. Associates Financial Services*, 11 B.R. 716, 721 (N.D.Ohio 1981), *rev'd on other grounds*, 698 F.2d 298 (6th Cir.1983); *Thorp Credit, Inc. v. Lawwell (In re Lawwell)*, Case No. 1–83–02167 (Bankr.S.D.Ohio February 14, 1984) *aff'd.*, Case No. C–1–84–587 (S.D.Ohio July 6, 1984). *See also, In re Maddox, supra*, 713 F.2d at 1530 *and McManus v. Avco Financial Services (In re McManus)*, 681 F.2d 353, 358 (5th Cir.1982) (Dyer, Cir. J., dissenting) (federal statute does not permit a state to "opt out" of lien avoidance provisions of § 522(f)). The lien conservation statute, then, under the supremacy clause, is inoperative in bankruptcy proceedings and has no effect upon the debtor's ability to claim exemptions or avoid liens. *Id.*

Also at issue is whether § 522(f) was meant to apply to liens on security interests created between enactment date of the Bankruptcy Reform Act of 1978 on November 6, 1978 and its effective date on October 1, 1979, so called "gap period" liens, and whether such application would result in an unconstitutional taking of property without compensation in violation of the fifth amendment of the United States Constitution.

Although in *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), the Supreme Court of the United States determined that § 522(f)(2) should not be construed to apply to property rights established before the enactment date of the Bankruptcy Reform Act and therefore declined to decide whether retroactive destruction of liens comported with the Fifth Amendment, the court specifically did not address the question of

§ 522(f)'s applicability to "gap period" liens. 459 U.S. at 82 n. 11, 103 S.Ct. at 414 n. 11, 74 L.Ed.2d at 245 n. 11. Notwithstanding *Security Industrial Bank*, however, three United States circuit courts of appeal have held that Congress intended that § 522(f) should apply to "gap period" liens and that such application does not violate due process since persons acquiring such liens had notice of the future effect of the Act. *Webber v. Credithrift of America, Inc. (In re Webber)*, 674 F.2d 796 (9th Cir.), *cert. denied*, 459 U.S. 1086, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982); *United States v. Household Finance Co. (In re Groves)*, 707 F.2d 451 (10th Cir.1983); *Commonwealth National Bank v. United States (In re Ashe)*, 712 F.2d 864 (3rd Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984). This Court follows the court of appeals decisions listed above and, therefore, upholds the application and validity of § 522(f)(2) in the case at bar. It is therefore,

ORDERED, ADJUDGED, AND DECREED that defendant's lien on plaintiffs' personal and household goods designated in the complaint be, and the same hereby is, avoided.