**In the Matter of Forrest A. BROWN, Debtor.**

**George W. LEDFORD, Chapter 13 Trustee, Plaintiff,**

v.

**Forrest A. BROWN, Defendant.**

**Bankruptcy No. 3–84–01474(A).**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 12, 1984.

George W. Ledford, Englewood, Ohio, trustee. John E. Breidenbach, Dayton, Ohio, for trustee.

Christopher M. Hawk, Dayton, Ohio, for debtor.

## ORDER

CHARLES A. ANDERSON, Bankruptcy Judge. ·

Presently before the Court is the Chapter 13 Trustee's Complaint objecting to debtor's claim of exempt property.

 Debtor, Forrest A. Brown, filed a Chapter 13 petition on July 12, 1984. He is the owner of a 1980 Ford Mustang with a fair market value of $3,600, which he claimed is entirely exempt by virtue of 11 U.S.C. § 522(d). Debtor's exemption in his Mustang would be $1,400, if he were required to use the Ohio exemption statute § 2329.66(A)(2), (17).

In support of his claimed exemption, debtor claims

that Ohio's 'opt out' of the federal exemptions by § 2329.662 O.R.C. was repealed by operation of law on 28 September 1983 as the expiration date of the extension by House Bill 291, passed 30 June 1983, was violative of the "one subject rule" of Article II, § 15 of the Ohio Constitution.

Debtor then cites in support this Court's prior opinion in *In re Lewis* 38 B.R. 113, 10 C.B.C.2d 437 (Bankr.S.D.Ohio 1984), the Supreme Court of Ohio's opinion, *State, Ex rel, v. Celeste,* 11 Ohio St.3d 141, 464 N.E.2d 153 (1984), and decisions from other bankruptcy courts *In re Lawson,* 42 B.R. 206, 12 B.C.D. 62 (Bankr.E.D.Ky.1984) and *In re Lunsford,* 41 B.R. 822 (Bankr.N.D. Ohio 1984).

As this Court recently wrote in *In re Thompson,* 44 B.R. 530 (Bankr.S.D.Ohio 1984):

However, subsequent action by the General Assembly of the State of Ohio after the *Lewis* decision has mooted this constitutional issue. In Amended Substitute Senate Bill No. 171, File 99, effective as of June 13, 1984, the Ohio opt-out section was extended until January 1, 1986. This extension appears proper and not in violation of the Ohio Constitution's "one issue rule." Given such intent by the Ohio General Assembly, this Court will not distinguish between those debtors filing during any gap period and those filing after such valid extension.

Accordingly, IT IS ORDERED that the Trustee's Objection is well taken and that the debtor claim his exemptions under applicable Ohio law.