**In the Matter of James E. McGUIRE, Debtor.**

**THORP CREDIT, INC., Plaintiff,**

**v.**

**James E. McGUIRE and George W. Ledford, Trustee, Defendants.**

**Bankruptcy No. 3–84–01441(A).**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 28, 1985.

---

Donald F. Harker, III, Dayton, Ohio, for plaintiff.

Christopher Gee, West Milton, Ohio, for debtor.

George W. Ledford, Englewood, Ohio, Trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court on Plaintiff Thorp Credit, Inc.'s Objection to Avoidance of Lien filed on August 14, 1984, in response to debtor James E. McGuire's proposed plan provision to avoid Thorp's nonpossessory, nonpurchase-money lien on McGuire's household goods and furnishings pursuant to 11 U.S.C. § 522. Both named defendants, McGuire and the Chapter 13 Trustee, filed answers. The Court heard this matter on December 5, 1984. Briefs were submitted on December 19, 1984 and January 9, 1985.

## FACTS

As the parties agree, the material facts herein are not in dispute.

McGuire voluntarily executed a security agreement on December 21, 1983, giving Thorp a security interest in his household goods in considerations for a loan. Thorp perfected the security interest by filing a financing statement on December 22, 1983, with the Miami County (Ohio) Recorder. (McGuire was and remains a resident of Miami County.)

McGuire filed a voluntary petition for relief under Chapter 13 on July 6, 1984. Thorp was scheduled as a creditor with a "voidable" debt of $1,645 and with a lien on debtor's furniture. (Total debts listed amounted to $5,597.) In preprinted language, Schedule B–4 of the petition provid-

ed: "Any lien which may be avoided pursuant to 11 U.S.C. 522(f) shall be avoided for the benefit of the debtor(s). The debtor claims all exemptions allowed pursuant to the Federal and State exemption laws to which the debtor is entitled, whether specified and itemized herein or not."

Thorp filed a proof of claim on August 9, 1984, for $1,991.75 and claims that the fair market value of the furniture on which it has a lien is $500.

## DECISION

To support McGuire's claim to avoid the instant lien, he and the Chapter 13 Trustee set forth several arguments, each of which will be dealt with in turn. However, as the Trustee and McGuire acknowledge, they are aware that several of these arguments have already been presented to and decided by this Court in *In re Thompson*, 44 B.R. 530 (Bankr.S.D.Ohio 1984).

Their first argument is that *In re Spears*, 12 B.C.D. 475, 744 F.2d 1225 (6th Cir.1984) is not controlling on the issue at bar, although *Spears* appears to be on all fours. They state that the linchpin of *Spears* is *In re Pine*, 10 B.C.D. 1467, 717 F.2d 281, B.L.R. (C.C.H.) ¶ 69, 357, 9 C.B. C.2d 573 (6th Cir.1983) *cert. den.* — U.S. ——, 104 S.Ct. 1711, 80 L.Ed.2d 183, and that *Pine* which interprets Tennessee law has been distinguished from application to Ohio law by this Court in *In re Lewis*, 38 B.R. 113, 10 C.B.C.2d 437 (Bankr.S.D.Ohio 1984) and by other Ohio courts. *See, In re Lunsford*, 41 B.R. 822 (Bankr.N.D.Ohio 1984).

While this Court might otherwise follow its reasoning in *Lewis*, it notes that *Lewis* was decided before *Spears*, which specifically makes *Pine* applicable to Ohio debtors. As held in *Thompson*, in light of the clear dictate of the Sixth Circuit ruling in *Spears*, this Court is constrained to follow the subsequent decision in *Spears*.

The next argument presented concerns the validity of the opt out provisions of § 522(b)(1). It is urged that although "the defendants are aware that this Circuit and the 7th Circuit have upheld the validity of the opt out provision of § 522(b)(1), *Rhodes v. Stewart*, 705 F.2d 159, 10 B.C.D. 596 (6th Cir.1983); *In re Sullivan*, 680 F.2d 1131, 9 B.C.D. 140 (7th Cir.1982), ... submit that while *Rhodes* is controlling on this Court that it should not be controlling as to the ability of the various States to opt out of the lien avoidance provision of § 522(f)." They then argue that "Congress did not delegate to the states the authority to restrict the avoidance powers of debtors under § 522(f) and did not grant to the States the authority to preempt § 522(f) by the subterfuge of redefining the debtor's 'interest' in property under § 522(b)(1) from a 'legal interest' to an 'equitable interest' above third party liens."

■ By its own language, § 522(f) applies only to the avoidance "of a lien on an interest of the debtor in property to the extent that such lien *impairs an exemption to which the debtor would have been entitled* under subsection (b) of this section, ..." (Emphasis supplied.) Thus, the threshhold question before a debtor can avoid any lien pursuant to § 522(f) is what exemption is provided by the statutes. Congress specifically allowed in § 522(b)(1) the individual states to determine what exemptions their residents may be entitled to. This opt out provision in § 522(b)(1) was upheld in *Rhodes* and by other courts. A state can provide that its residents are entitled to no exemptions. However, Ohio has provided for certain nebulous exemptions, which are binding upon Ohio debtors even though more semantical than real. These Ohio exemptions have in turn been interpreted by the Sixth Circuit Court of Appeals, binding upon this Court, as was the situation in *Spears*. These case precedents afford no reason to differentiate between exemptions as they apply to § 522(b)(1) and § 522(f).

■ Defendants McGuire and the Trustee then argue that Debtor is entitled to claim the Federal exemptions because the General Assembly of Ohio allegedly violated the Ohio Constitution's "one subject rule" when it extended the opt out period

to January 1, 1986.[1] Defendants in their brief state, "The Defendants are also aware of this Court's decision in *Thompson* finding that this latest extension is valid." Furthermore, in *George W. Ledford, Chapter 13 Trustee v. Forrest A. Brown*, 48 B.R. 19 (Bankr.S.D.Ohio 1984), this Court upheld the Trustee's argument that Ohio debtors are required to claim the Ohio exemptions. This Court remains satisfied that there is now no basis presented to change these opinions.

Lastly, defendants argue that O.R.C. § 2329.661 conflicts with federal bankruptcy law and should thus be declared invalid. O.R.C. § 2329.661 reads:

[§ 2329.66.1] § 2329.661 Certain claims not exempted.

(A) Division (A)(1) of section 2329.66 of the Revised Code does not:

(1) Extend to a judgment rendered on a mortgage executed, or security interest given on real or personal property by a debtor or to a claim for less than four hundred dollars for manual work or labor;

(2) Impair the lien, by mortgage or otherwise, of the vendor for the purchase money of real or personal property that the debtor or a dependent of the debtor uses as a residence, the lien of a mechanic or other person, under a statute of this state, for materials furnished or labor performed in the erection of a dwelling house on real property, or a lien for the payment of taxes due on real property;

(3) Affect or invalidate any mortgage on any real property, or any lien created by such a mortgage.

(B) No promise, agreement, or contract shall be made or entered into that would waive the exemption laws of this state, and every promise, agreement, or contract insofar as it seeks to waive the exemption laws of this state is void.

(C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby.

Specifically, defendants argue that "§ 2329.661(C) has the same operative effect as a contractual waiver of exemption provision in a security agreement."

The Bankruptcy Code makes unenforceable any waiver of a debtor's exemptions. 11 U.S.C. § 522(e) provides:

(e) A waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section. A waiver by the debtor of a power under subsection (f) or (h) of this section to avoid a transfer, under subsection (g) or (i) of this section to exempt property, or under subsection (i) of this section to recover property or to preserve a transfer, is unenforceable in a case under this title.

To support their claim that granting a security interest violates § 522(e), defendants cite *In re Lawson*, 12 B.C.D. 62, 42 B.R. 206 (Bankr.E.D.Ky.1984), interpreting Kentucky law.

The Ohio statute also specifically prohibits any waiver of allowable exemptions available to Ohio debtors. Case law from Ohio and other jurisdictions generally have concluded that enforcement of prospective waivers would frustrate the public policy underlying exemptions. (These cases mostly concern promises to assert exemption rights through a clause contained in the body of a promissory note or other instrument and contemplate future wages, etc.) *See, e.g. Dennis v. Smith*, 125 Ohio St. 120, 180 N.E. 638, 36 Ohio L.Rep. 228, 11 Ohio L.Abs. 510 (1932); *Mayhugh v. Coon*, 460 Pa. 128, 331 A.2d 452 (1975).

■ Nevertheless, the Ohio statute specifically enforces security interests in property which would have been exempt from third party levies of execution. *See, also*

---

1. *See*, File 99, Amended Substitute Senate Bill No. 171 (eff. 6–13–84), as found in Page's Ohio Rev.Code, 1984 Legislative Bulletin # 1, pp 28–34.

*City Loan & Savings v. Keenan,* 136 Ohio St. 125, 24 N.E.2d 452, 16 Ohio Op. 71 (1939). The debtor's interest thereby never vests (in order to be waived). Most other states have similar statutes. *See,* Annot. 94 A.L.R.2d 974; 57 Notre Dame Lawyer 215, 222; 43 Ohio St.L.J. 335.

Thus, both the federal and the Ohio statute prohibit waivers of exemptions; but it must be emphasized that *Ohio exemptions do not cover property* to the extent it is encumbered by security interests. Furthermore, the statute prohibits only contractual, consensual waivers of exemptions. The waiver presently at issue (§ 2329.661) is a "statutory waiver," as opposed to a contractual waiver. Since a state may allow no exemptions, it may by statute circumscribe semantical exemptions.

This Court does not consider the granting of a security interest in property to be a waiver of an exemption. To the extent of the encumbrance, no exemption exists.