In Re Harley Lafayette **DERRICK, Jr.,**
Bankrupt.
No. LR 62 B 276.

United States District Court
E. D. Arkansas, W. D.
Jan. 10, 1964.

L. M. Alexander, Little Rock, Ark., Atty. for bankrupt.

James L. Sloan, Little Rock, Ark., for objecting creditor.

YOUNG, District Judge.

On April 24, 1963, an order was entered by the Bankruptcy Referee denying the bankrupt a discharge from Bankruptcy which had been sought by the bankrupt pursuant to the National Bankruptcy Act, § 14, as amended. The Referee determined that the bankrupt had transferred his automobile to his father within twelve months prior to the date of the filing of the petition in bankruptcy with the intent to hinder, delay and defraud his creditors and particularly his objecting creditors. Therefore, under the provisions of the National Bankruptcy Act, § 14, sub. c(4), the Referee denied the discharge, and the bankrupt now appeals this decision of the Referee.

The bankrupt contends that there was no substantial evidence to support the Referee's finding and the order entered by the Referee denying the discharge from Bankruptcy was contrary to both the law and the evidence, as well as being arbitrary and capricious. The bankrupt specifically excepts to the Referee's finding that there was an attempt to hinder, delay or defraud his creditors by the bankrupt's father taking over the full payments of the automobile in question, and the ruling made by the Referee that the bankrupt had a substantial equity in the automobile.

The petition for bankruptcy in the instant case was filed on December 12, 1962. Prior to that date, on April 24, 1962, Arlin Hickey and Ellen Hickey obtained a judgment against the bankrupt in Circuit Court in a suit brought by the Hickeys to recover for personal injuries sustained in an automobile collision with the bankrupt. This judgment constitut-

ed the largest individual claim against the bankrupt. On February 12, 1963, the Hickeys filed a timely objection to the bankrupt's discharge from bankruptcy, contending that in April 1962, shortly after the Circuit Court judgment was rendered, the bankrupt transferred his interest in a 1960 Chevrolet automobile to his father "with intent to hinder, delay and defraud these creditors". A hearing was held by the Referee and testimony was given both by the bankrupt and his father.

 From an examination of the files and records in this case, it appears that there is substantial evidence in the record to support the findings made by the Referee. In reviewing the referee's decision denying the discharge, it should be pointed out that his findings are to be upheld unless "clearly erroneous" under the test of Bankruptcy General Order No. 47, 11 U.S.C.A. foll. § 53. O'Rieley v. Endicott-Johnson Corp., 297 F.2d 1 (8th Cir. 1961). See also In Re Taylor Oak Flooring Co., 87 F.Supp. 6 (W.D.Ark. 1949). The Referee's decision in the instant case is supported by the evidence and the decision is neither contrary to the law and the evidence, nor is it arbitrary and capricious, as urged by the bankrupt.

 The bankrupt's contention that there is no competent evidence to support the finding that there was an attempt to hinder, delay or defraud his creditors by the Bankrupt's father taking over the full payments of the automobile in question is wholly without merit. The fact that valuable property has been gratuitously transferred raises a presumption that such transfer was accompanied by the actual fraudulent intent necessary to bar a discharge under Section 14, sub. c (4), National Bankruptcy Act, as amended. 1 Collier, Bankruptcy p. 1410, n. 3 (14th ed. 1962) (citing cases); and once reasonable grounds have been shown that the bankrupt has committed such an act as here alleged, the burden of proving to the contrary is upon the bankrupt. 1 Collier, op. cit. supra p. 1302, n. 6 (citing cases). The objecting creditors established reasonable grounds leading to the conclusion that the bankrupt committed the act alleged, and the bankrupt failed to sustain the burden of proving to the contrary.

In reviewing the testimony of the bankrupt and his father given at the Hearing on the objection to the discharge, the Referee stated as follows:

"The Bankrupt and his father offered testimony to the effect that the transfer was made due to the adverse financial conditions of the Bankrupt, his forthcoming tenure in the Armed Forces, and due to the expected action by the Arkansas State Police in revoking his driver's license for failure to carry liability insurance as a result of the above accident. In view of all the circumstances of this case, and having had opportunity to observe the witnesses while testifying, I find such testimony unimpressive.

"I find no evidence to indicate that the Bankrupt's financial condition had worsened at the time of the transfer. I find that prior to the accident he was earning about $240.00 per month and that this salary continued until he entered the Army in the summer of 1962.

"After entry of the tort judgments on April 24, 1962, the Bankrupt transferred the physical possession of the car to his father. However, the Bankrupt continued to possess it and to drive said automobile until he entered the Army. The Court finds, therefore, that this transfer was impotent and was a sham."

And at the Hearing which was held at the meeting of creditors on January 29, 1963, the record reveals the following question and response on cross examination of the bankrupt:

"Q: Tell the Court why it was you gave that car to your father. Wasn't it because judgment was entered against you in the Circuit Court of Pulaski County?

"A: Yes, sir."

The evidence adduced at the hearings held by the Referee in the instant case constitutes convincing proof that the transfer of the automobile in question was made by the bankrupt at a time when he had knowledge of the vulnerability of this car to the lien of the judgment and was intentionally and fraudulently done with the intent to hinder, delay and defraud his creditors, particularly the objecting creditors. The bankrupt had a substantial equity in the automobile at the time of the transfer. The bankrupt's contention that the Referee erred in his finding to this effect is not well taken, in view of the undisputed evidence disclosing the details of the purchase of the automobile in question by the bankrupt, as well as the respective amounts and number of the monthly installments made by the bankrupt.

The order denying the discharge is affirmed.