In the Matter of IMANTS SEPERIS, individually and t/a Shore Drywall, Bankrupt.

CAMPBELL'S SUPPLY CO., Inc., Appellant.

No. 19535.

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1971.

Decided Jan. 10, 1972.

Norman Mesnikoff, Asbury Park, N. J., for appellant.

Arthur P. Siegfried, Klatsky, Himelman & Seigfried, Red Bank, N. J., for appellee.

Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by a creditor from the decision of Judge Barlow in the district court which affirmed the finding of the Referee that the bankrupt was entitled to his discharge from bankruptcy.

Appellant asks "Did the bankrupt fail to explain satisfactorily a loss of assets or deficiency of assets to meet his liabilities?" In the landmark case of In re Pioch, 235 F.2d 903, 905, 906 (1956) Judge Kalodner speaking for this court said:

"To bar the bankrupt's discharge there must be an actual fraudulent intent on the part of the bankrupt to hinder, delay or defraud his creditors and constructive intent is not sufficient; the reasons for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural; speculation cannot be substituted for proof and the requirement is for probative facts capable of supporting, with reason, the conclusions of the trier of fact; the burden of proof is on the objecting creditor to prevent the bankrupt's discharge, otherwise stated, the objecting creditor must make out a prima facie case; the right to a discharge is statutory and Section 14 of the Bankruptcy Act must be construed strictly against the objecting creditor and liberally in favor of the bankrupt; and 'it is not so much the acts of the bankrupt that will prevent his discharge, as it is the intent with which he acts.' "

In re Simon, 197 F.Supp. 301, 303 (D.C.E.D.N.Y.1961) is directly in point:

"Here the Referee had an opportunity to hear and see the witnesses and his findings must be accepted unless it clearly appears that he has been mistaken. This is particularly true when the motive and the intent of the bankrupt becomes material."

The Referee in this appeal went into this contention carefully and at length. Regarding it he found "I am satisfied that the mathematical deductions leading to such a conclusion is not probative proof that he actually received $60,000. in assets for which he failed to account. I have heretofore treated with the bankrupt's records and find that such a mathematical deduction is conjectural from the proofs before me. There may be suspicions of the truth of the items in the financial statement but that does not, absent probative proof of loss of assets or deficiency of assets to meet liabilities, prove the actual existence of $60,000. Here again, probative proof is necessary on the part of the objecting creditor to establish a prima facie case which must be then met by the bankrupt. I must find that this specification has not been proved. In re Pioch, supra."

The Referee found that the bankrupt had relied upon his bookkeeper (recommended by his accountant) and his accountant. There was inconsistency in maintaining records both on a cash and accrual basis but the Referee determined there was no proof of intent to defraud on the part of the bankrupt. The bankrupt concluded that his accountant had made some sort of mistake and asked his accountant to explain it. The bankrupt testified the accountant "apparently is not willing to admit his mistake." It should be noted that the accountant, although readily available to appellant by subpoena as a witness, was never called by appellant. The latter's expert witness, also an accountant, admitted to the Referee that from the books and records of the bankrupt which he had examined the financial condition and business transactions of the bankrupt could be determined. In re Barbato, 398 F.2d 572 (3rd Cir. 1967) is factually on all fours with the present appeal. There the litigation was remanded to the district court for explicit findings and decision as to whether there had been reckless indifference to the facts by the bankrupt's statement of his outstanding obligations. The Referee explicitly found that there had been no reckless

indifference to the facts involved by the bankrupt. The ruling was affirmed by the district judge and ended that litigation. In the instant appeal both the Referee and the district judge plainly outlined the facts and conclusions of law which are in complete accord with the existing decisional law.

We have thoroughly examined appellant's remaining contentions. We find them entirely without merit.

The judgment of the district court will be affirmed.