In re Albert E. VAIL and Rita M. Vail, his wife, Individually and as Tenants by entireties (M) (Bankruptcy Nos. 77–434 and 77–435 consolidated with this Case), Debtors.

The FIRST NATIONAL BANK OF STRASBURG, Plaintiff,

v.

Albert E. VAIL and Rita M. Vail, his wife, Individually and as Tenants by the entireties.

Bankruptcy No. 77–433WK.

United States Bankruptcy Court, E. D. Pennsylvania.

Oct. 29, 1979.

Melvin Lashner, Philadelphia, Pa., for debtors.

William M. Musser, III, Lancaster, Pa., for plaintiff.

## OPINION

KING, Bankruptcy Judge.

Plaintiff, The First National Bank of Strasburg (Bank) brought this adversary proceeding seeking an order that the debt owed it by the Debtors herein, Albert E. and Rita M. Vail, not be discharged because the said Defendants transferred real property within twelve (12) months of the date of bankruptcy with the intent to defraud Plaintiff and other creditors.

The pertinent facts may be briefly summarized as follows:

On June 8, 1976, Defendants, Albert E. Vail and his wife, Rita M. Vail, conveyed 1.66 acres of real property to their son, James A. Vail, for One Dollar and also conveyed 2.2 acres of real property to their daughter, Kathleen M. Vail, for the sum of One Dollar. On March 18, 1977, the Defendants filed their Petition for a Real Property Arrangement under Chapter XII of the Bankruptcy Act with this Court.

Plaintiff, Bank, contends that the above conveyances constitute fraudulent transfers of Defendants' property within the twelve (12) months immediately preceding the filing of Defendants' Petition in Bankruptcy in violation of Section 14c(4) of the Bankruptcy Act.

Section 14c(4) of the Act reads as follows: "c. The court shall grant the discharge unless satisfied that the bankrupt has (1) . . . (2) . . . (3) . . . (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed or concealed, or permitted to be removed, destroyed, or concealed any of his property, with intent to hinder, delay, or defraud his creditors; . . ." 11 U.S.C. § 32(c)(4)

It is clear that the right to a discharge is purely statutory and that Section 14 of the Act must be construed strictly against the objectors and liberally in favor of the bankrupt. *In re Adlman*, 541 F.2d 999 (2d Cir. 1976); *In re Pioch*, 235 F.2d 903 (3rd Cir. 1956). To bar the bankrupt's discharge under this Section, the Court must find that the property was transferred or removed with actual fraudulent intent to hinder, delay or defraud. *Halpern v. Schwartz*, 426 F.2d 102, 104 (2d Cir. 1970). Constructive fraudulent intent which suffices to set aside a transfer under Section 67 of the Act, 11 U.S.C. § 107, or under Section 70e, 11 U.S.C. § 110e, cannot be the basis for the denial of the discharge. *In re Adlman*, supra.

The Bank cites two (2) cases which it believes support its contention that when a transfer of valuable property with little or no consideration is made, a presumption of fraud arises. In *In re Derrick*, 228 F.Supp. 964 (E.D.Ark.1964), the objecting creditors, prior to bankruptcy, obtained a judgment against the bankrupt therein, and immediately thereafter, the bankrupt gratuitously transferred his automobile to his father. The bankrupt also specifically admitted on

cross-examination that he gave the car to his father because of the judgment being entered against him. *Id.*, at page 965. In effect, the bankrupt specifically admitted his intent to defraud his creditors. *Derrick* clearly has no precedential value in the present case, inasmuch as the Bank produced no evidence that the Vails were in any way financially embarrassed at the time of the transfer, all creditors with an interest had full notice, and all of the Vails' testimony was consistent with the view that theirs was a normal gift of parent to child.

The Bank also cites the case of *In re Nemerov*, 134 F.Supp. 678 (S.D.N.Y.1955), although the Referee therein granted the discharge over objection, and the District Court upheld that decision. *Id.*, at page 681. Notably, the objection to discharge was dismissed although the objecting creditor's case was far stronger than the Bank's case here. Mrs. Nemerov, the Bankrupt, transferred cash, the bulk of her assets, to her daughters just days after being served with a summons in a suit filed by one of her creditors. The only testimony was that of the bankrupt and her daughter, both of whom testified that the money was for living expenses and medical necessities. The Court believed them and found this sufficient to rebut any case the creditor had presented. *Id.*, at page 680.

Although it has long been accepted in other jurisdictions that the transfer of a valuable asset without consideration constituted prima facie proof of an intent to defraud, *In re Woods*, 71 F.2d 270 (2d Cir.) cert. denied 293 U.S. 601, 55 S.Ct. 117, 79 L.Ed. 693 (1934), *In re Cadarette*, 601 F.2d 648 (2d Cir. 1979), the plaintiff bank has failed to cite any case within this Circuit which accepts the "presumption of fraud" concept. The law of this Circuit was concisely stated in *In re Imants Seperis*, 454 F.2d 195 (3rd Cir. 1972) where the Court, quoting from the landmark case of *In re Pioch* supra, stated:

> "To bar the bankrupt's discharge there must be an actual fraudulent intent on the part of the bankrupt to hinder, delay or defraud his creditors and constructive

intent is not sufficient; the reasons for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural; speculation cannot be substituted for proof and the requirement is for probative facts capable of supporting, with reason, the conclusions of the trier of fact; the burden of proof is on the objecting creditor to prevent the bankrupt's discharge, otherwise stated, the objecting creditor must make out a prima facie case; the right to a discharge is statutory and Section 14 of the Bankruptcy Act must be construed strictly against the objecting creditor and liberally in favor of the bankrupt; and 'it is not so much the acts of the bankrupt that will prevent his chscharge, as it is the intent with which he acts.' "

■ Therefore, under *Pioch,* the intent of the bankrupt governs any determination of fraud. While the lack of fair consideration may be taken into account in arriving at a conclusion, it is merely one of many factors the court may consider in determining whether the intent, if any, was actual rather than presumptive. Here, the transfer to their children was made for a consideration of natural love and affection and must be viewed as merely one factor.

■ This Court also accepts the proposition that Rule 407, Rules of Bankruptcy Procedure, supersedes the proviso of § 14c and places upon the Plaintiff the burden of proof in objecting to the discharge. See Advisory Committee's Notes to Rule 407, Rules of Bankruptcy Procedure; *In re Decker*, 595 F.2d 185 (3rd Cir. 1979).

■ Based upon the testimony of the Vails and on a careful review of the notes of testimony, the Court finds that Plaintiff Bank has failed to meet its burden of proof. The Bank has failed to produce any evidence whatsoever of "actual intent" to defraud.

The only evidence presented was the testimony of the Vails which the Court finds to be credible and reliable in all respects. Both Bankrupts testified that the gifts to their children were but tiny fractions of

their overall acreage and estate value. (N.T. 10, 11, 13). The conveyances were made after notice to and release by all interested creditors. (N.T. 4, 12). At the time of the conveyances, the Vails were in a good financial condition with their creditors. (N.T. 12, 14). The idea of conveying the land to their children was not an overnight brainstorm but had, in fact, been contemplated for fifteen (15) years. (N.T. 23). The parcels were finally conveyed with the sole intent to make an outright gift. (N.T. 16, 20).

■ The reasons for denying a discharge must be real and substantial, not merely technical and conjectural. *In re Pioch*, supra. In the absence of substantial proof that the Vails actually intended to hinder, delay or defraud, the Complaint of The First National Bank of Strasburg Objecting to Discharge is hereby dismissed.