In the Matter of Richard E. BYRNE and Mary C. Byrne a/k/a Candice M. Byrne, Debtors.

Richard E. BYRNE, Plaintiff,

v.

Elsie BRACE, Waterford Township Tax Collector and Warren W. Bentz, Esq., Trustee, Defendants.

Bankruptcy No. 80–00063.
Adversary Proceeding No. 77.

United States Bankruptcy Court,
W. D. Pennsylvania.

July 30, 1980.

Richard T. Ruth, Erie, Pa., for plaintiff.

Howard N. Plate and Plate, Doyle, Hutzelman & Berlin, Erie, Pa., for defendant, Elsie Brace.

## MEMORANDUM AND ORDER ON COMPLAINT TO ENFORCE AUTOMATIC STAY AGAINST WAGE ATTACHMENT

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The tax collector of Waterford Township garnisheed wages of the within husband–bankrupt at the General Electric Company in the amount of $25.00 April 2, 1980 to collect a per capita tax liability that arose before the filing of the bankruptcy petition February 22, 1980, and the debtor brings this action to void the same. The defendant withdrew the garnishment proceeding and returned withheld funds before the hearing, but as she states by her counsel she intends to renew it on disposition of the within action to void the garnishment, we will treat the proceeding as an action for injunction to restrain further attachments and garnishments of the debtor's wages.

The defendant argues that the automatic stay provided for in § 362(a)(1) of the Bankruptcy Code has no application to taxes entitled to priority on the ground that they are not dischargeable debts under § 507(a)(6), and that such automatic stay does not apply to wages earned by the bankrupt after the date of the bankruptcy filing which do not constitute property of the bankruptcy estate. Meritorious as these considerations might have been under prior law, the rewritten Bankruptcy Code that went into effect October 1, 1979 provides in clause 2 of § 362(a) that the stay applies to the enforcement "*against the debtor or against property of* the estate, of a judgment obtained before the commencement of the case", and § 362(a)(5) prohibits any act "to create, perfect or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case" (emphasis supplied). In addition, § 362(a)(6) prohibits "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case" without any restriction that such proceedings be against property of the estate as distinguished from property of the debtor and without reference to whether the involved claim is dischargeable.

It is our view that the above provisions of the Code are designed to protect property of the debtor as well as the estate, and to prohibit the enforcement of a lien securing a claim that arose before the commencement of the case regardless of whether it is entitled to priority or dischargeable.

It is our view that Congress has the power to protect the debtor and his property as well as assets of the estate from collection proceedings from nondischargeable as well as dischargeable claims during the pendency of the bankruptcy case under its well–recognized right to enact bankruptcy laws for the purpose of giving the debtor a new start in life in addition to distributing his assets in payment of dischargeable claims.

Obviously the provision in § 362(b)(8) that the filing of a petition under the Bankruptcy Code does not operate as a stay of the issuance to a debtor of a notice of a tax deficiency has no application to this garnishment proceeding and in rem attachment and taking into possession of the debtor's wages.

The issuance of a discharge to the debtor after the filing of this proceeding has no bearing on the propriety of our issuance of the injunction prayed for as the discharge releases only the personal liabilities of the debtor and has no relation to the immunity of his wages and property exempt and non–

558

exempt from execution and attachment during the pendency of the bankruptcy proceeding and they are accordingly hereby enjoined. Any discretion we may have under the submitted quotation from page 444 of Miller and Cooks "Practical Guide to the Bankruptcy Reform Act" to determine matters such as this on a case to case basis must be exercised in favor of dissolving the attachment.

It is ORDERED, ADJUDGED and DECREED for the foregoing reasons, that the defendant be, and she hereby is, restrained and enjoined from issuing attachments of any kind against the wages and other property of the debtor and the bankrupt estate to collect per capita or other tax liabilities of said debtor until further Order of Court. It is further Ordered that the defendant shall pay the costs of the within proceeding including the $15.00 filing fee advanced by the plaintiff and shall also pay the plaintiff's attorney compensation and attorney fees in the sum of $250.00 in accordance with the analyses and authorities set forth in ¶ 362.11 of Collier on Bankruptcy (15th Ed.) 362–58.