Penn Glazier, Lancaster, Pa., for defendant.

Gerald Sajer, New Cumberland, Pa., for plaintiff.

In re Elwood R. BUCKWALTER, Debtor.

Lehman J. SHOPE, Plaintiff,

v.

Elwood R. BUCKWALTER, Defendant.

Bankruptcy No. 80–01600 T.
Adv. No. 80–0722.

United States Bankruptcy Court,
E. D. Pennsylvania.

March 31, 1982.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This matter is presented to the Court upon a creditor's complaint objecting to the dischargeability of a debt and for relief from automatic stay. For reasons hereinafter given, we will dismiss the complaint.[1]

The facts in this case are undisputed. The debtor-defendant, Elwood R. Buckwalter, filed a petition under Chapter 7 of the United States Bankruptcy Code on July 7, 1980. One of the debts listed on Schedule A–3 is a loan from the creditor-plaintiff, Lehman J. Shope, in the amount of $20,-000.00. This loan was a joint obligation incurred by the debtor and his wife, Hazel Y. Buckwalter, and evidenced by a note. Mrs. Buckwalter did not join her husband in his Bankruptcy petition. Schedule B–1 lists Mr. Buckwalter's interest in real estate held as tenants-by-the-entireties and Schedule B–4 claims an exemption in this individual interest under 11 U.S.C. 522(d)(1).

The complaint filed by the creditor does not set forth any grounds as a basis for the relief requested. Objections to discharge must be grounded in one of the exceptions listed at 11 U.S.C. 727.[2] The thrust of this section is to deny discharge only in cases in which there has been fraud or wrongdoing on the part of the debtor or

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *In re Vail*, 1 B.R. 132 (Bkrtcy.E.D.Pa.1979); *Matter of Lind*, 6 B.R. 374 (Bkrtcy.S.D.Tex. 1980).

where the petition was filed within six years of a previous discharge.[3] Absent proof of any of the acts specified in § 727, the Court is directed to grant a discharge. The creditor herein has neither alleged nor proven any of the grounds upon which a discharge could be denied.

The complaint also requests that we modify the automatic stay imposed by 11 U.S.C. § 362 to allow the creditor-plaintiff the opportunity to obtain a judgment against the debtor-defendant in state court and to execute on the property held by the entireties. The purpose of the stay is to prevent creditors from taking the type of action that Mr. Shope contemplates.[4]

"The automatic stay . . . stops all collection efforts . . . (and) permits the debtor . . . to be relieved of the financial pressures that drove him into bankruptcy. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally."

House Report # 95–595, 95th Cong., 1st Sess. 340–2 (1977)'

Senate Report # 95–989, 95th Cong., 2nd Sess. 49–51 (1978).

The complaint does not allege such cause as would persuade us to modify the stay under § 362(d). The expressed intent of the creditor-plaintiff is to engage in a collection action in direct contravention of the spirit and the letter of the Bankruptcy Code.

We note that the complaint in this case was filed three days after the date set as the final day of filing such complaints. In the interests of equity and judicial economy, we elected to reach the merits of the case rather than dismiss the complaint because of the tardy filing. However, we find that the complaint does not state a cause of action upon which relief could be granted under the Bankruptcy Code. For these reasons, we will dismiss the complaint.

**3.** *Matter of Dee*, 6 B.R. 784 (Bkrtcy.W.D.Pa. 1980).

**4.** *Matter of Bryne*, 5 B.R. 556 (Bkrtcy.W.D.Pa. 1980); *In re Ratmansky*, 2 B.R. 527 (Bkrtcy.E.D. Pa.1980).