**In re George PASSMORE.**

**Bankruptcy No. 93–21419 MDM.**

United States Bankruptcy Court,
E.D. Wisconsin.

July 19, 1993.

George Passmore, pro se.

Larry Liebzeit, Appleton, WI, for James and Elizabeth Hensel.

## MEMORANDUM DECISION

M. DEE McGARITY, Bankruptcy Judge.

### ISSUE

This case involves the postpetition garnishment of wages earned by the nondebtor spouse of a voluntary Chapter 7 debtor in a community property state.

A continuing garnishment, instituted by creditors against the debtor's spouse's marital property wages prior to filing and continuing after filing, clearly resulted in a violation of the automatic stay as to postpetition wages. 11 U.S.C. § 362(a)(1), (5), (6); § 102(2). The debtor had a property interest in his wife's wages, and the garnishment resulted in the taking of that property for a prepetition debt. The creditors will have to return funds; the question is how much. The only issue is whether all wages classified as marital property garnished postpetition must be returned, or whether only the debtor's one-half interest in such wages must be returned.

This court has jurisdiction pursuant to 28 U.S.C. § 1334(a), (b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), (K).

This court holds that the postpetition garnishment of all such wages is void and all wages garnished postpetition must be returned to the debtor's spouse.

### UNDISPUTED FACTS AND PRIOR PROCEEDINGS

James and Elizabeth Hansel obtained a prepetition judgment against both the debtor and his wife, Mary Passmore, for possession of real estate. A separate money judgment was also entered against Mary Passmore in the amount of approximately $1,800. It is not clear whether a money judgment was also entered against the debtor, but that fact is not critical to this determination.

Under Wis.Stat. § 812.23, a judgment creditor can obtain a continuing garnishment of the wages of a judgment debtor employed by the state or a political subdivision, thereby relieving the creditor and the governmental employer from the burden of commencing and administering a new garnishment with the service of a summons and complaint each pay period. Since Mary Passmore is employed by Outagamie County, a continuing garnishment against her wages was initiated by the creditors in early 1993.

Before the debtor/husband filed his Chapter 7 petition on March 13, 1993, the following wages were withheld pursuant to the garnishment:

| Garnishment Date | Pay Period Ending | Amount Withheld |
|---|---|---|
| 2/12/93 | 2/6/93 | $179.92 |
| 2/26/93 | 2/20/93 | $171.76 |
| 3/12/93 | 3/6/93 | $165.78 |
| | | $517.46 |

After the petition, the following amounts were withheld:

| Garnishment Date | Pay Period Ending | Amount Withheld |
|---|---|---|
| 3/26/93 | 3/20/93 | $ 183.56 |
| 4/8/93 | 4/3/93 | $ 183.13 |
| 4/23/93 | 4/17/93 | $ 201.84 |
| 5/7/93 | 5/1/93 | $ 178.46 |
| 5/21/93 | 5/15/93 | $ 143.30 |
| 6/4/93 | 5/29/93 | $ 193.00 |
| | | $1,083.29 |

A total of $24 was assessed by the County as an administrative charge. The first two prepetition amounts withheld were paid pursuant to an order for distribution and are being held by the creditors' attorney. The remaining prepetition amount and all postpetition amounts are being held by the County.

For reasons not altogether clear, it took some time after the County and the creditors' attorney learned of Mr. Passmore's bankruptcy filing for the automatic garnishment of Mrs. Passmore's wages to stop. A certain amount of confusion can be expected since the garnished employee and the debtor are different people, and Mrs. Passmore is also personally liable on the underlying money judgment. The creditors' attorney did, however, take action to have the garnishment stopped. *See In re Gray*, 97 B.R. 930, 934 (Bankr.N.D.Ill. 1989). In prior proceedings, the court was satisfied that any violation of the automatic stay was not willful and denied the debtor's motion for sanctions under 11 U.S.C. § 362(h). However, the issue remains what part, if any, of the garnishment funds withheld postpetition must be returned to Mrs. Passmore.

## DISCUSSION

If Mr. Passmore's bankruptcy had not been filed, there is no question that Mrs. Passemore's wages could be recovered to satisfy the creditors' obligation, regardless of which spouse incurred the debt. Wages earned by Mr. and Mrs. Passmore are marital property, a form of community property under Wisconsin law. Wis.Stat. § 766.001(2). Both spouses' interests in the funds garnished prepetition are subject to recovery by the creditors under Wis.Stat. § 766.55(2)(b) for an obligation incurred by either spouse in the interest of the marriage or the family. All debts are presumed to be incurred in the interest of the marriage or the family, and no one in this case is arguing that the debt owed Mr. and Mrs. Hansel is otherwise. Wis.Stat. § 766.55(1).

■ Under Wisconsin law, a lien arises in favor of a garnishing creditor at the time the summons and complaint are served on the garnishee defendant. *Matter of Woodman*, 8 B.R. 686, 687–88 (Bankr.W.D.Wis. 1981); *see also In re Johnson*, 53 B.R. 919, 922 (Bankr.N.D.Ill.1985), *reh. den.* 57 B.R. 635 (Bankr.N.D.Ill.1986). When there is a continuing garnishment under Wis.Stat. § 812.23, this lien arises when the debtor acquires rights in the property transferred; i.e., on the date when the wages are payable. *See In re Lewis*, 116 B.R. 54, 56 (Bankr.D.Md.1990) (interpreting a similar continuing garnishment statute under Maryland law). Two of these liens resulted in a completed transfer of $351.68 when the order for distribution was entered, and the creditors continue to have a lien on the final amount withheld, $165.78, for a total of $517.46. *Id.* They also have liens on amounts withheld postpetition totaling $1,083.29, which are the subject of this proceeding.

■ The creditors' first three prepetition transfers are not avoidable by the trustee. The prepetition completed transfers cannot be set aside as preferences because they aggregate less than $600. 11 U.S.C. § 547(c)(7). *In re Bunner*, 145 B.R. 266 (Bankr.C.D.Ill.1992). The lien on the last prepetition amount withheld arose before the bankruptcy was filed and is superior in time to the trustee's strong arm powers as a hypothetical lien or execution creditor as of the date of filing. 11 U.S.C. § 544(a)(2). Whether the debtor might be able to avoid the lien under 11 U.S.C. § 522(f)(1) on the final prepetition garnishment was not raised and is not addressed in this decision.

■ Even though the creditors properly recovered or acquired a lien on prepetition garnished amounts, the postpetition garnishments are another matter. The creditors' right of recovery before the petition was filed and after the discharge is granted are undisputed. As was stated above, all marital property of *both* spouses was recoverable before the bankruptcy intervened. Wis.Stat. § 766.55(2)(b). Since community property can be recovered to satisfy the debt, the obligation is a commu-

nity claim under 11 U.S.C. § 101(7). After Mr. Passmore's discharge is issued, the discharge injunction will prevent creditors holding community claims from recovering *either* spouse's interest in funds classified as marital property, such as Mrs. Passmore's wages, even though she will not receive a discharge. 11 U.S.C. § 524(a)(3). 3 *Collier on Bankruptcy* ¶ 524.01[2]. Christiansen, Haberman, Haydon, Kinnamon, McGarity, and Wilcox, *Marital Property Law in Wisconsin* § 6.32e[1]. As a community claim, the Hansel's claim will be subject to the discharge injunction. 11 U.S.C. § 524(a)(3).

To summarize, the creditors can recover marital property wages earned by either spouse before Mr. Passmore's Chapter 7 filing and none of such wages after his discharge. The question is: How much of those marital property wages can be recovered between those two dates by a creditor having a community claim against the non-filing spouse? In other words, when only one spouse files a bankruptcy petition, what is the effect of the automatic stay on community property of the spouses that is not property of the estate and that cannot be brought into the estate by the trustee's avoiding powers?

■ Section 362(a)(1) of Title 11 stays the commencement or continuation of any act to collect a "claim against the debtor." It is immaterial that the property being sought for recovery is neither property of the debtor nor property of the estate. *Matter of Byrne*, 5 B.R. 556 (Bankr. W.D.Pa.1980). The creditors assert that they are not trying to collect a "claim against the debtor;" they are attempting to collect a claim against the debtor's spouse. Except in unusual circumstances, actions against co-debtors, in cases other than those to which 11 U.S.C. §§ 1201 and 1301 apply, are not stayed. Furthermore, postpetition earned income of the debtor is not property of the estate in a Chapter 7, and postpetition earned income of the debtor's spouse is likewise not property of the estate. 11 U.S.C. § 541(a)(6). Therefore, the creditors believe they should be able to

retain their garnishment liens on one-half, if not all, of amounts withheld postpetition.

■ The creditors' analysis stops too soon. Section § 362(a)(5) of 11 U.S.C. stays "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." Mrs. Passmore's postpetition wages are marital property of the spouses, and Mr. Passmore's marital property interest in his wife's wages is "property of the debtor." Also, a "claim against the debtor" includes a claim against property of the debtor, 11 U.S.C. § 102(2), thus bringing the postpetition garnishments within the prohibition of 11 U.S.C. § 362(a)(1) and (6).

■ Nevertheless, Mrs. Passmore's interest in her wages, as opposed to her husband's interest, is not property of the debtor. The creditors, therefore, argue that until the injunction under 11 U.S.C. § 524(a)(3) is issued, the creditors should be allowed to recover the nondebtor spouse's share of her garnished wages to satisfy the claim against her. The creditors' argument as to her interest overlooks a fundamental concept of property law. A debtor's property interests affected by his or her bankruptcy filing are determined by state law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Wisconsin marital property is a form of community property. Wis.Stat. § 766.001(2). A spouse owns an undivided one-half interest in all assets and funds classified as marital property. *Marital Property Law in Wisconsin, supra,* § 2.21. The debtor does not own one-half of the postpetition garnished funds; he owns an undivided interest in *all* of such funds. *Id.* His interest cannot be partitioned by a creditor nor unilaterally severed by a spouse. *Id.* Therefore, this court holds that all funds or assets classified as marital property in which the debtor has an interest are protected by the automatic stay, even though the creditors are attempting to recover those funds or assets to satisfy a completely independent claim against the nondebtor spouse. Whether the claim is or is not a community claim or is eventually found to be nondischargeable is immaterial at this point; the automatic stay still applies to protect the debtor's property and to protect the debtor's spouse or anyone else from actions to recover claims against the debtor.

Unitary treatment under 11 U.S.C. § 362 of both spouses' interests in the spouses' assets classified as marital property is consistent with treatment of community property under other sections of the Bankruptcy Code. For example, if the debtor has a community property interest in an asset, that entire asset is included in the bankruptcy estate under 11 U.S.C. § 541(a)(2), not merely the debtor's one-half interest, as is the rule with assets held as joint tenants or tenants in common. Similarly, if the debtor receives a discharge, all after-acquired community property assets are protected by the discharge injunction from recovery by a creditor holding a community claim. 11 U.S.C. § 524(a)(3). This protection is not limited to the debtor's interest. If the debtor/spouse is denied a discharge, or if the nondebtor spouse would have been denied a discharge if the nondebtor had filed a case at the same time as the debtor, none of the after-acquired community property assets are protected. *In re Grimm,* 82 B.R. 989, 993–94 (Bankr.W.D.Wis.1988); *In re LeSueur,* 53 B.R. 414 (Bankr.D.Ariz. 1985); 11 U.S.C. § 524(b)(2)(B).

Community property interests in a single asset or category of funds simply cannot be severed or treated separately in the bankruptcy context. If a provision of the Bankruptcy Code applies to the debtor's community property interest in an asset, it applies to the entire asset. Since, in this case, the debtor's community property interest in his wife's postpetition wages is protected by the automatic stay, her entire postpetition wages are protected. Therefore, the garnishment liens that attached to any of Mrs. Passmore's wages after the debtor's bankruptcy was commenced are void because they arose in violation of the automatic stay. 2 *Collier on Bankruptcy* ¶ 362.11 (15th ed.1990); *Matthews v. Rosene,* 739 F.2d 249 (7th Cir.1989). The

wages withheld must be refunded to Mrs. Passmore, less the County's administrative charges.

 Even though Mr. Passmore's bankruptcy occasions the return of these funds, they must be returned to Mrs. Passmore, not the debtor. *See* Wis.Stat. § 766.-51(1)(am) (a spouse acting alone has the right to manage and control marital property held in that spouse's name).

This decision constitutes the court's findings of fact and conclusions of law under Fed.R.Bank.P. 7052. A separate order consistent with this opinion has been entered.