**In re Jacqueline A. PAGE, Debtor.**

Bankruptcy No. 93–31786–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Aug. 15, 1994.

Richard B. Jacobson, Jacobson & Macaulay, Madison, WI, for debtor.

Alan J. Strohschein, Stoltz & Strohschein, Columbus, WI, for Dale Zander.

Michael E. Kepler, trustee, Kepler & Peyton, Madison, WI.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Robert and Jacqueline Page, husband and wife, worked farmland in Columbia County as tenants of Dale Zander ("Zander"). During the summer and fall of 1992, crops on that land were damaged by deer. On June 1, 1993, a judgment for eviction and money damages in the amount of $6,775 was entered against the Pages in favor of Zander. After being given notice of eviction by Zander, but before judgment was entered, Mr. Page applied for deer damage payment from the Wisconsin Department of Natural Resources wild animal damage assistance program. A deer damage check ("the check") was issued payable to Robert Page in the amount of $2,608.62. On June 10, 1993, Zander filed a garnishment complaint to seize the check, which was thereafter deposited with the Clerk of Court for Columbia County.

On June 21, 1993, Mrs. Page, the debtor, filed a chapter 7 bankruptcy. Robert Page had previously filed a chapter 7 and received a discharge within six years prior to Mrs. Page's filing.[1] Nonetheless, Mrs. Page de-

---

1. Section 524(b)(2) provides:
   (b) Subsection (a)(3) of this section does not apply if . . .
   (2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and
   (B) a determination that the court would not so grant such discharge is made by the bank-

ruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether a debtor is granted a discharge.

This prevents debtors and spouses from alternating every three years in order to avoid the six year prohibition against repeated discharges pursuant to 11 U.S.C. § 727(a)(8). Keith A. Christiansen, F. William Haberman, John B. Haydon, David L. Kinnamon, Margaret Dee McGarity,

clared the entire $2,608.62 check exempt under Bankruptcy Code § 522(d)(5). No objection to the claimed exemption was filed. The debtor now moves this court to avoid Zander's garnishment lien in the full amount of her claimed exemption.

■ Section 522(f)(1) of the Bankruptcy Code provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;

A judicial lien is defined as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A garnishment lien is a judicial lien. *In re Baum,* 15 B.R. 538, 540 (Bankr.E.D.Va.1981).

Only property of the bankruptcy estate may benefit from lien avoidance under § 522(f).[2] Bankruptcy Code § 541(a)(2) states in relevant part:

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

.     .     .     .     .

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

While the check was not under the "sole, equal, or joint, management" of either the debtor or the nondebtor spouse, the check is liable for an allowable claim against both the debtor and nondebtor spouse. Thus, under § 541(a)(2)(B), the check would be community property and property of the estate.

■ Zander argues that the check is not property of the bankruptcy estate because the debtors did not have possession and control of it. That is not the test prescribed by the statute. However, even if it were, Zander's control and possession of the check was by virtue of a preferential transfer.[3] The garnishment lien was perfected under Wisconsin law at the time of service of the garnishment complaint. *See In re Woodman,* 8 B.R. 686, 687 (Bankr.W.D.Wis.1981). The debtor filed for bankruptcy only eleven days after Zander's June 10, 1993 garnishment. Therefore, I presume that the check could be recovered as a voidable preference and made part of the estate. 11 U.S.C. § 550 (1994).[4]

The debtor claimed the entire check exempt under Bankruptcy Code § 522(d)(5), which provides an exemption for "any property, not to exceed $400 plus up to $3,750 of

Michael W. Wilcox, *Marital Property Law in Wisconsin,* 2d § 6.32(e)(2) (1992).

**2.** In determining if a lien may be avoided, you must first examine if the property is entitled to be exempt. *Matter of McGuire,* 47 B.R. 182, 184 (Bankr.S.D.Ohio 1985). Only property of the estate may be claimed as exempt. 11 U.S.C. § 522(b) (1994). Because only property of the estate may be claimed as exempt, only property of the estate would be entitled to lien avoidance.

**3.** The trustee may avoid as a preference under 11 U.S.C. § 547, any transfer of an interest of the debtor in property if it is (1) for the benefit of the creditor; (2) for or on account of an antecedent debt owed by the debtor before the transfer was made; (3) while the debtor was insolvent; (4) on

or within 90 days of the date of the filing of the petition or one year of petition date if the creditor is an insider; and (5) enables the creditor to receive more than what would be received by the liquidation of assets in a chapter 7 case, or if the transfer was never made, or if the creditor would have received payment of the debt to the extent provided by any provision of the Bankruptcy Code.

**4.** The debtor may exempt property recovered under 11 U.S.C. § 550, if the debtor would be allowed an exemption under 11 U.S.C. § 522(b) if the property was never transferred, and if the transfer was not a voluntary transfer of the property by the debtor was not concealed by the debtor or the debtor could have avoided the transfer under 11 U.S.C. § 522(f)(2).

any unused amount of the exemption provided under Bankruptcy Code § 522(d)(1)." 11 U.S.C. § 522(d)(5) (1994). The $2,600 check was well within the allowable exemption limit. Because no timely objection was made, the exemption was allowed as claimed. 11 U.S.C. § 522(*l*) (1994)[5]; *see Taylor v. Fredland & Kronz*, — U.S. —, —, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

In arguing that there is no lien on the check, the debtor interprets Wis.Stat. § 812.-18(1)(a) to mean that the filing of the garnishment complaint does not create a lien on property when that property is exempt from execution. She believes that the check was exempt property at the time of the garnishment. Wis.Stat. § 812.18(1)(a) provides in pertinent part that:

> From the time of the service of the summons and complaint upon the garnishee, the garnishee shall be liable to the plaintiff for the property and earnings then in his or her possession or under his or her control belonging to the defendant or in which he or she is interested to the extent of his or her right or interest therein and for all his debts due or to become due to the defendant, except such as are exempt from execution, all sums required by a court to be paid by the defendant as restitution under § 973.20 or the amount of the subsistence allowance due the defendant under sub. (2) if earnings are the subject

matter of the garnishment action, but not in excess of the amount of the plaintiff's claims as disclosed by the garnishee complaint and disbursements, not to exceed $40.

The debtor's reading of the statute seems to ignore that the check was not exempt until and except for bankruptcy.[6] The garnishment lien attached to the check prior to bankruptcy and therefore, unless avoided, it primes the claimed exemption.

The debtor, relying on *In re Passmore*, 156 B.R. 595 (Bankr.E.D.Wis.1993)[7], suggests that the lien on the entire check may be avoided since the entire check is included in property of the estate. The facts in *Passmore* are not applicable to our case. In *Passmore*, a judgment creditor had obtained a garnishment lien against a woman's wages. Her husband then commenced a chapter 7 bankruptcy. The judgment creditor sought to continue garnishing the non-filing spouse's wages until she received a discharge pursuant to § 524(a)(3). The court held that while postpetition wages of either the debtor or nondebtor spouse were not property of the estate, the non-filing spouse's wages were property of the filing debtor. The court held that § 362(a)(5) prohibits the enforcement of any lien against the property of the debtor. *Id.* at 598–99. The court reasoned that the stay applied to the debtor's community property interest, not just the debtor's one-half

---

**5.** Section 522(*l*) provides that:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. *Unless a party objects, the property claimed as exempt on such list is exempt.*

**6.** The debtor's claim for exemption is under the "any property" provision of § 522(d)(5).

**7.** The bankruptcy court for the Eastern District of Wisconsin held that all of the nondebtor spouse's postpetition wages were protected from garnishment, reasoning that:

> [I]f the debtor has a community property interest in an asset, that entire asset is included in the bankruptcy estate under 11 USC § 541(a)(2), not merely the debtor's one-half interest, as is the rule with assets held as joint tenants or tenants in common. Similarly, if

the debtor receives a discharge, all after-acquired community property assets are protected by the discharge injunction from recovery by a creditor holding a community claim. 11 USC § 524(a)(3). This protection is not limited to the debtor's interest. If the debtor/spouse is denied a discharge, or if the nondebtor spouse would have been denied a discharge if the nondebtor had filed a case at the same time as the debtor, none of the after-acquired community property assets are protected. *In re Grimm*, 82 B.R. 989, 993–94 (Bankr.W.D.Wis.1988); *In re LeSueur*, 53 B.R. 414 (Bankr.D.Ariz.1985); 11 U.S.C. § 524(b)(2)(B).
> Community property interests in a single asset or category of funds simply cannot be severed or treated separately in the bankruptcy context. If a provision of the Bankruptcy Code applies to the debtor's community property interest in an asset, it applies to the entire asset.

*In re Passmore*, 156 B.R. 595, 599 (Bankr. E.D.Wis.1993).

interest. *Id.* at 599. This determination of a stay issue does not compel an answer to our exemption inquiry.

█ It has been argued persuasively that sections 522(b) and (d) do not apply to the debtor's community property interest but only to her individual interest. "Although all marital property is property of the bankruptcy estate, only an individual debtor can claim property as exempt." Keith A. Christiansen, F. William Haberman, John B. Haydon, David L. Kinnamon, Margaret Dee McGarity, Michael W. Wilcox, Marital Property Law in Wisconsin, 2d § 6.32(a)(7) (1992). The check is "marital property" according to Wisconsin Statutes § 766.31(1). *See also* Wis. Stats. § 766.31(4). The debtor holds an "undivided one-half interest" in the check. Wis. Stats. § 966.31(3). The debtor, therefore, was able to exempt her one half interest in the check but no more. It is irrelevant that because there were no objections, the entire check was deemed exempt. 11 U.S.C. § 522(*l*).[8]

Under section 522(f)(1), the debtor may avoid the fixing of a judicial lien only to the extent that the lien impairs an exemption. *Matter of McGuire,* 47 B.R. 182, 187 (Bankr. S.D.Ohio 1985). The debtor, nonetheless, claims that because the entire check has been deemed exempt, the lien on the entire check should be avoided. She argues that the exemptability of the check has already been established and it "cannot be challenged if the creditor failed to timely object to the exemption." David G. Epstein, Steve H. Nickels, James J. White, *Bankruptcy,* § 8–29 (1992); *see also Matter of Van Pelt,* 83 B.R. 617, 618–19 (Bankr.S.D.Iowa 1987) (holding that creditor who fails timely to object to an exemption cannot subsequently object in resisting debtor's motion for avoidance).

Courts have held that an objection to the value of the exemption is different from an objection to the exemption itself and need not be raised within 30 days of the exemption being claimed. *See In re Hyman,* 123 B.R. 342, 348 (9th Cir. BAP 1991) (holding that only 24 objection to existence of exemption, not objection to valuation of property in

which the debtors claim exemption, must be made within the 30 day period following the meeting of creditors); *In re Allen,* 44 B.R. 38, 39 (Bankr.D.N.M.1984) (holding that an objection to valuation of property is not the same as objection to exemptions, and thus need not be raised within 30 days of creditors' meeting). While Zander may be barred from raising an objection to the exemption itself, he is not barred from objecting to the value of the exemption.

Creditors have been allowed belated objections for purposes of lien avoidance. Epstein, Nickels, James J. White, *supra,* at § 8–29; *see also In re Brantz,* 106 B.R. 62, 68 n. 9 (Bankr.E.D.Pa.1989). The express language of § 522(f) allows a debtor to avoid liens on property which "would be exempt" rather than property which "has been deemed exempt" as the debtor suggests. Congress could have easily chosen to allow debtors to avoid liens "which have been found to be exempt" (or some similar phrase), but chose not to do so. *See In re Montgomery,* 80 B.R. 385, 387 (Bankr. W.D.Tex.1987).

The debtor must reestablish exemptability when seeking to avoid a lien. *Matter of Weinbrenner,* 53 B.R. 571, 578 (Bankr. W.D.Wis.1985). The debtor cannot sustain this burden because she can only exempt one-half of the check. This prevents an inequitable result. The nondebtor spouse received a discharge in his separately filed chapter 7. He is not eligible to receive the bankruptcy benefit which his wife seeks to obtain on his behalf. To hold otherwise would be to allow the result which the drafters of section 524(b) sought to avoid. *See In re Grimm,* 82 B.R. 989, 993–94 (Bankr. W.D.Wis.1988); *In re LeSueur,* 53 B.R. 414 (Bankr.D.Ariz.1985). That is, a nondebtor spouse receiving one of the benefits of a hypothetical discharge.

Upon the foregoing which constitutes my findings of fact and conclusions of law, the debtor may avoid the garnishment lien in the check only to the extent of one half of its net value after any appropriate costs and deduc-

---

8. *See* note 5.

tions associated with the garnishment have been subtracted.  It may be so ordered.