In re Gregory A. VANDERHEI, Debtor.

No. 10–14944–7.

United States Bankruptcy Court,
W.D. Wisconsin.

April 15, 2011.

John Daniel Lamey III, Lamey Law Firm, P.A., Oakdale, MN, for Debtor.

Christopher M. Seelen, Ruder Ware, L.L.S.C., Eau Claire, WI, for Trustee.

## DECISION AND ORDER

THOMAS S. UTSCHIG, Bankruptcy Judge.

The chapter 7 trustee objected to the debtor's claimed exemptions, and the parties stipulated to the relevant facts. The parties submitted briefs on the relevant legal issues and the Court conducted a telephonic hearing on the matter on March 14, 2011. Attorney John Daniel Lamey III appeared on behalf of the debtor, and Attorney Christopher M. Seelen appeared on behalf of the chapter 7 trustee.[1]

When Gregory Vanderhei filed for bankruptcy, his wife did not. On his schedules, he claimed various items as exempt under the Wisconsin exemption provisions. Relevant for this case are the exemptions he claimed in real estate and a motorcycle. The trustee does not dispute that the debtor is entitled to claim an exemption in the homestead under Wis. Stat. § 815.20 or an exemption for the motorcycle under Wis. Stat. § 815.18(3)(g). Instead, the question is whether the debtor can exempt *all* of the equity in these items even though half of that equity is technically owned by his non-filing spouse. The trustee has objected to Vanderhei's exemptions and argues that the wife's share of the equity is non-exempt property of the bankruptcy estate which may be used to fund a distribution to creditors.

According to Vanderhei's schedules, the real property is worth about $159,000.00. After deducting the mortgage and a projected broker's commission, the trustee be-

lieves there is about $71,000.00 of equity in the home. The debtor's 1987 Honda Gold Wing motorcycle has a scheduled value of $2,500.00 and there are no liens against it. In each instance, the exemption available to the debtor under Wisconsin law is sufficient to cover the entire available equity in the asset. More specifically, Wis. Stat. § 815.20 permits a debtor to exempt up to $75,000.00 of equity in a homestead, and Wis Stat. § 815.18(3)(g) permits debtors to exempt interests in motor vehicles up to $4,000.00 in aggregate value. However, the trustee believes that as half of the scheduled value belongs to the non-filing spouse, the portion of the equity attributable to her cannot be exempted by the debtor.

The trustee's argument is that Vanderhei and his wife each own half of the house and the motorcycle. That much, at least, is clear. For bankruptcy purposes, a debtor's interest in property is created and defined by state law. *Travelers Cas. & Sur. Co. of Am. v. PG & E*, 549 U.S. 443, 451, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007); *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Under Wisconsin marital property law, both the debtor and his wife have an "undivided one-half interest in marital property." *See* Wis. Stat. § 766.31(3). The wife's interest in both items becomes part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2), which provides that the estate includes "[a]ll interests of a debtor and the debtor's spouse in community property as of the commencement of a case."

The trustee contends that although the entire property comes into the estate,

---

1. This case was consolidated for hearing with *In re Bobbie Jo–Anne Griffith*, Bankr.No. 10–16201–7, which presented similar issues in-

volving the interpretation of Wisconsin's marital property laws.

the debtor can only assert an exemption as to the portion of the equity that he personally "owns." The trustee cites *In re Page*, 171 B.R. 349, 352 (Bankr.W.D.Wis.1994), for the proposition that the debtor cannot exempt the equity attributable to the interest of the non-filing spouse. The debtor, in contrast, cites two cases from the Eastern District, *In re Xiong*, No. 05–43121, 2006 WL 1277129 (Bankr.E.D.Wis. May 3, 2006), and *In re Passmore*, 156 B.R. 595 (Bankr.E.D.Wis.1993), and argues that as each spouse holds an undivided interest in the entirety of their marital property, a single spouse may utilize an exemption to the full extent allowed under applicable law.

In *Xiong*, for example, the debtor sought to exempt the available equity in several parcels of real estate and two vehicles. The trustee contended that the interests of the non-filing spouse were property of the estate and could not be claimed as exempt. The court noted that the debtor, not the non-filing spouse, had claimed the exemption, "and the exemption is within the dollar limits of the statute." 2006 WL 1277129 at *3. The court concluded:

> Since the debtor has an undivided interest in an asset that cannot readily be partitioned, the rational way to reconcile [the federal homestead exemption and Wisconsin marital property law] is to permit the debtor to exempt all of the equity in indivisible marital property assets, up to the statutory value limits for one debtor.

*Id.* Essentially, the idea is that because each spouse has an undivided interest in the whole and the asset in question cannot be divided, it is "reasonable" to allow one debtor to claim an exemption in the whole. *See In re Browning*, No. 10–70066, 2010 WL 1541629 at *2 (Bankr.C.D.Ill. Apr.19, 2010).

Likewise, in *Passmore* the issue was the debtor's interest in his non-filing spouse's wages. After reviewing Wisconsin's marital property law, the court observed:

> A spouse owns an undivided one-half interest in all assets and funds classified as marital property. The debtor does not own one-half of the postpetition garnished funds; he owns an undivided interest in *all* of such funds. His interest cannot be partitioned by a creditor nor unilaterally severed by a spouse.... Community property interests in a single asset or category of funds simply cannot be severed or treated separately in the bankruptcy context.

156 B.R. at 599. This Court agrees with these authorities that at least in the context of assets which are not fungible or easily divisible by nature, the debtor's interest in the entire property justifies his ability to claim an exemption in the entire equity, up to the dollar limit of the exemption. While it is true that cases involving non-filing spouses are often full of problematic issues, the Court cannot find sufficient reason to divest the debtor of the full benefit of the exemptions afforded by law.

██ This ruling is consistent with the liberal construction of the Wisconsin exemption statutes in favor of the debtor. As the Wisconsin Supreme Court has stated:

> It is well settled that exemption laws must have a liberal construction, within the limits contemplated by the Legislature, so as to secure their full benefit to the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public.

*Opitz v. Brawley*, 10 Wis.2d 93, 95–96, 102 N.W.2d 117, 119 (Wis.1960) (citing *Julius v. Druckrey*, 214 Wis. 643, 649, 254 N.W.

358, 361 (Wis.1934)). As a policy matter, exemption rights are to be construed liberally in the debtor's favor in view of Congress's goal of providing a meaningful fresh start for debtors. *See In re Smith,* 640 F.2d 888, 891 (7th Cir.1981). Allowing the debtor to protect the equity in marital property up to the dollar limits afforded to one debtor under applicable law is consistent with that policy.

Accordingly,

IT IS ORDERED that the trustee's objections to the debtor's exemptions are overruled.