## In re Bobbie Jo–Anne GRIFFITH, Debtor.

### No. 10–16201–7.

United States Bankruptcy Court, W.D. Wisconsin.

April 15, 2011.

Chelsea A. Whitley, Chelsea A. Whitley Law Office, Amery, WI, for Debtor.

Christopher M. Seelen, Ruder Ware, L.L.S.C., Eau Claire, WI, for Trustee.

## DECISION AND ORDER

THOMAS S. UTSCHIG, Bankruptcy Judge.

The chapter 7 trustee objected to the debtor's claimed exemptions, and the parties stipulated to the relevant facts. The parties submitted briefs on the relevant legal issues and the Court conducted a telephonic hearing on the matter on March 14, 2011. Attorney Chelsea A. Whitley appeared on behalf of the debtor, and Attorney Christopher M. Seelen appeared on behalf of the chapter 7 trustee.[1]

1. This case was consolidated for hearing with *In re Gregory A. Vanderhei,* Bankr.No. 10–

When Bobbie Jo–Anne Griffith filed for bankruptcy, her husband did not. On her schedules, she claimed various items as exempt under the federal exemption provisions. Relevant for this case are the exemptions she claimed in her homestead, a Dodge Stratus, a Chevrolet Silverado, and a pontoon. The question is whether the debtor can exempt all of the equity in these items even though half of that equity is owned by her non-filing spouse. The trustee has objected to Griffith's exemptions and argues that the husband's share of the equity is non-exempt property of the bankruptcy estate.

According to Griffith's schedules, she claimed the entire equity (about $1,900.00) in her homestead as exempt under 11 U.S.C. § 522(d)(1). She claimed the Dodge Stratus (valued at $3,000.00) as exempt under § 522(d)(2), and used the "wild card" exemption of § 522(d)(5) to exempt the Silverado (valued at $4,000.00) and the pontoon (valued at $700.00). The trustee acknowledges that these amounts are all well within the dollar limits for one debtor. However, the trustee contends that half of the equity value of these items belongs to the debtor's husband and cannot be exempted by the debtor.

■ The trustee's argument is that Griffith and her husband each own a half interest in the property. That much, at least, is clear. For bankruptcy purposes, a debtor's interest in property is created and defined by state law. *Travelers Cas. & Sur. Co. of Am. v. PG & E*, 549 U.S. 443, 451, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007); *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Under Wisconsin marital property law, both the debtor and her husband have an "undivided one-half interest in

marital property." *See* Wis. Stat. § 766.31(3). The husband's interest in both items becomes part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2), which provides that the estate includes "[a]ll interests of a debtor and the debtor's spouse in community property as of the commencement of a case."

■ The trustee contends that although the entire property comes into the estate, the debtor can only assert an exemption as to the portion of the equity that she personally "owns." The trustee cites *In re Page*, 171 B.R. 349, 352 (Bankr.W.D.Wis. 1994), for the proposition that the debtor cannot exempt the equity attributable to the interest of the non-filing spouse. The debtor, in contrast, cites *In re Xiong*, No. 05–43121, 2006 WL 1277129 (Bankr. E.D.Wis. May 3, 2006), and argues that as each spouse holds an undivided interest in the entirety of their marital property, a single spouse may utilize an exemption to the full extent allowed under applicable law.

In *Xiong*, the debtor sought to exempt the available equity in several parcels of real estate and two vehicles. The trustee contended that the interests of the non-filing spouse were property of the estate and could not be claimed as exempt. The court noted that the debtor, not the non-filing spouse, had claimed the exemption, "and the exemption is within the dollar limits of the statute." 2006 WL 1277129 at *3. The court concluded:

> Since the debtor has an undivided interest in an asset that cannot readily be partitioned, the rational way to reconcile [the federal homestead exemption and Wisconsin marital property law] is to permit the debtor to exempt all of the

14944–7, which presented similar issues involving the interpretation of Wisconsin's marital property laws.

equity in indivisible marital property assets, up to the statutory value limits for one debtor.

*Id.* Essentially, the idea is that because each spouse has an undivided interest in the whole and the asset in question cannot be divided, it is "reasonable" to allow one debtor to claim an exemption in the whole. *See In re Browning,* No. 10–70066, 2010 WL 1541629 at *2 (Bankr.C.D.Ill. Apr. 19, 2010).

 Likewise, in *In re Passmore,* 156 B.R. 595 (Bankr.E.D.Wis.1993), the issue was the debtor's interest in his non-filing spouse's wages. After reviewing Wisconsin's marital property law, the court observed:

> A spouse owns an undivided one-half interest in all assets and funds classified as marital property. The debtor does not own one-half of the postpetition garnished funds; he owns an undivided interest in *all* such funds. His interest cannot be partitioned by a creditor nor unilaterally severed by a spouse.... Community property interests in a single asset or category of funds simply cannot be severed or treated separately in the bankruptcy context.

156 B.R. at 599. This Court agrees with these authorities that at least in the context of assets which are not fungible or easily divisible by nature, the debtor's interest in the entire property justifies her ability to claim an exemption in the entire equity, up to the dollar limit of the exemption. While it is true that cases involving non-filing spouses are often full of problematic issues, the Court cannot find sufficient reason to divest the debtor of the full benefit of the exemptions afforded by law. As a policy matter, exemption rights are to be construed liberally in the debtor's favor in view of Congress's goal of providing a meaningful fresh start for debtors. *See In re Smith,* 640 F.2d 888, 891 (7th Cir.1981).

Allowing the debtor to protect the equity in marital property up to the dollar limits afforded to one debtor under applicable law is consistent with that policy.

Accordingly,

IT IS ORDERED that the trustee's objections to the debtor's amended claim of exemptions are overruled.